## Scott *vs.* Duncombe, impleaded &c.

The defendant in an action brought by a receiver as such, put in a demurrer, which, on motion, was stricken out as frivolous; and she, on applying to the court for leave to answer, was allowed to do so, provided that she executed a bond, with sureties, conditioned that if the plaintiff should finally recover judgment against her she would obey such judgment and would pay the plaintiff the sum thereby directed to be paid. Such .bond was thereupon executed. In an action thereon; *it was held* that the execution of such bond to the plaintiff *as receiver.* must be deemed an admission by the obligors, not only that the plaintiff had been duly appointed receiver, but also that the receiver was authorized to bring the action mentioned in the condition of the bond.

*Held, also,* that it was not necessary for the plaintiff, on the trial, to show the judgment recovered, and execution issued and returned unsatisfied; especially as the defendant had not set up in his answer that the plaintiff had not been regularly appointed receiver, and made no attempt to show that he had not been, on the trial. ·

*Held, further,* that it was not necessary for the plaintiff to introduce even the original order appointing him receiver, or his bond as receiver.

The surety in a bond given to a plaintiff suing as receiver, conditioned to pay. any judgment the plaintiff may recover against the principal obligor, in that action, is liable for the amount of judgments recovered in cases wherein the obligee is appointed receiver subsequent to the execution of such bond, as well as for the amount of those recovered previously.

APPEAL by the defendant, Alfred H. Duncombe, from a judgment entered after a trial before a justice of the court, without a jury, a jury having been waived by consent. The action is upon a bond executed pursuant to an order of the court. On the 4th of October, 1861, the plaintiff herein, as receiver appointed in supplementary proceedings of the property of Francis E. Smith, a judgment debtor, commenced an action in this court against Francis E. Smith, Claiborne Ferris, Francis Ferris and Caroline C. Hatch, to set aside certain fraudulent transfers of property made by said Francis E. Smith, at various times, to them severally. The defendant Caroline C. Hatch, put in a demurrer, which, on motion, was stricken out as frivolous; and she, on applying to the court for leave to put in an answer, was allowed to do so, provided that she executed a bond with two sure-

ties, to the effect that if the plaintiff finally recovered judgment against her she would obey such judgment, and would pay the plaintiff the sum and all costs thereby directed to be paid. The bond was accordingly executed, a copy of which is set forth in the complaint. The plaintiff recovered judgment in said action against the defendant Hatch, for $11,003.63. The plaintiff also recovered judgment in the same action against the defendant Claiborne Ferris for the value of certain property which he fraudulently obtained from the judgment debtor, Francis E. Smith, for $2840.50. The case contains only so much of the evidence as to raise the exceptions taken by the defendant Duncombe, who alone appealed.

The exceptions taken by the defendant were as follows :

The defendant, Duncombe, objected to the judgment recovered by the plaintiff in the action in which the said Caroline C. Hatch, and others, were the defendants, on the ground that the same provided for the payment of other judgments than those on account of which the plaintiff was appointed receiver, and in reference to which said action was commenced without notice to the defendant, Duncombe, and in reference to which the defendant, Duncombe, had not become surety ; and also that the said plaintiff had not been appointed receiver in reference to said judgments until after the execution of the bond set forth in the complaint ; which objection was overruled by the court ; to which decision the counsel for the defendant, Duncombe, excepted. The defendant also objected to the order of the court of common pleas granting leave to the plaintiff to commence this action, on the ground that it was granted without any notice to such defendant. The objection was overruled, and the defendant excepted. The defendant also objected to the order of Judge Hilton appointing the plaintiff receiver, on the ground that it was not shown to be an order made in the case, over which the court of common pleas had jurisdiction, either of the persons, or the subject matter ; which objection was overruled

Scott *v.* Duncombe.

by the court, and to which decision the counsel for the defendant, Duncombe, excepted.

The counsel for the defendant, Duncombe, moved for a dismissal of the complaint, on the following grounds :

1. That the original affidavit and order, (if any there was,) from the court of common pleas upon which the order for a receiver was based, has not been introduced, and no jurisdiction is shown in the court of common pleas, or a judge thereof, to make an order appointing a receiver.

2. That the plaintiff has not shown any judgment, or judgments, which would form the basis of any order supplemental to the execution, prior to the execution of this bond.

3. That by the judgment offered in evidence, there has been created a greater obligation than existed at the time of the execution of the bond, to the prejudice of the bond.

4. The bond is not given according to the order made in the action. It is not approved by a justice of the Supreme Court, and has never been accepted by the court.

5. No demand has been made upon the defendant, Mrs. Hatch, nor upon the sureties.

The court denied the motion, to which decision on each ground before stated, the counsel for the defendant, Duncombe, severally excepted.

The counsel for the defendant, Duncombe, proceeded to maintain the issue on his part, and thereupon the counsel for the plaintiff admitted that the said judgment against Claiborne Ferris was compromised for the sum of $2000, and the money received by him as attorney for the said receiver prior to the commencement of this action, under an order of the court.

The counsel for the defendant, Duncombe, then rested the case on his part. No further testimony being offered on either side, the counsel for the defendant, Duncombe, urged upon the court two propositions of law, on the facts proved. 1. That the defendant, Duncombe, with his co-surety had executed the bond in this action, with special reference to the

amount of the two judgments in favor of DeGoer & Rifflard, set forth in the complaint, and in which the plaintiff was appointed receiver, and as such for the benefit of said judgments had commenced the action against Caroline C. Hatch, Claiborne Ferris, and others ; and that the amount of recovery on said bond should be limited to the extent of the said judgments and interest, and the costs in said action, and should not be held for the benefit of the judgments in which proceedings supplementary to execution were subsequently taken, and the plaintiff appointed receiver subsequently to the commencement of said action. 2. That by the terms of said judgment against Caroline C. Hatch and Claiborne Ferris, and others, it was ordered that the amount collected from the said Claiborne Ferris, should be credited on account of the said judgment against Caroline C. Hatch, and that the said sum of $2000 paid by said Ferris was, in effect, a payment by the said Caroline C. Hatch, and in the absence of any special application, enured to the benefit and relief of the defendant, Dunscombe, and his co-surety in said bond, to the extent of said amount, on account of any liability on said bond, if any.

The action was submitted to the court, who subsequently made a decision containing the findings of fact and conclusions of law, as follows :

1st. That the plaintiff was duly appointed and qualified as receiver at the time, and in manner and form and in proceedings on judgments, as alleged in the complaint.

2d. That on or about the 4th of October, 1861, the plaintiff, as such receiver, commenced and continued an action, in this court, against Claiborne Ferris, Francis Ferris, Caroline C. Hatch and Francis E. Smith, and on the 3d day of November, 1864, judgment was rendered, in said action, in favor of said plaintiff against all the defendants therein, and against the said Claiborne Ferris for the sum of $2480.50, and against the said Caroline C. Hatch for the sum of $11,003.63. That by the terms of the said judgment, it was ordered that the

Scott *v.* Duncombe.

amount collected from the said Claiborne Ferris, should be credited on account of the judgments against the said Caroline C. Hatch. Said judgment roll therein was filed in the office of the clerk of the city and county of New York, and the same still remains of record, and the said judgment, and every part thereof, remains due, and owing, from the said Caroline C. Hatch, to the plaintiff.

3d. That on the 29th April, 1862, the defendants, Caroline C. Hatch, Alfred H. Duncombe and Samuel M. Elliot, executed to the plaintiff, as such receiver, in the action above mentioned, under and in pursuance of an order of this court, a bond in writing, under their hands and seals, and acknowledged, a copy of which bond and acknowledgments are set forth in the complaint in this action.

4th. That at the time of the execution of the said bond by the said defendants, the plaintiff had been appointed and qualified as receiver in the two proceedings and judgments mentioned in the complaint in this action.

5th. That before the commencement of this action, the plaintiff, as such receiver, under and in pursuance of an order of this court, received from the said Claiborne Ferris the sum of $2000, in full payment for the said judgment recovered against him ; and said judgment, as to him, was thereupon satisfied of record.

And as conclusion of law, the judge found that the plaintiff was entitled to recover of the defendants the sum of $5000, being the amount of the bond above mentioned.

To which findings and conclusions of law the defendant, Alfred H. Duncombe, within the time prescribed by law, excepted.

*Ten Broeck & Van Orden,* for the appellant. I. The original affidavit and order in the court of common pleas, upon which the order appointing a receiver was based, was not introduced in evidence, nor was it shown that any judgment had been recovered and execution issued and returned

unsatisfied to warrant an order supplementary to execution, so as to give jurisdiction to the judge who made the appointment of the plaintiff as receiver. The proceeding supplementary to execution, is a special proceeding, and no presumption exists that the judge was authorized to make the appointment, and that the proceedings anterior to the appointment to give him jurisdiction, had been properly taken. (*See* 5 *How.* 426 ; 13 *id.* 383 ; *Wegman* v. *Childs,* 44 *Barb.* 403 ; *Coope,* v. *Bowles,* 28 *How. Pr.* 10.)

II. The bond given by the defendant and his co-surety to the plaintiff as receiver, does not estop the defendant from objecting to the want of evidence to show the regularity of the proceedings for his appointment as receiver, and that the officer acquired jurisdiction. This action could not be maintained by the plaintiff, without showing a regular and valid appointment, including the necessary proceedings anterior to give jurisdiction. The defendants were not called upon to inquire whether the plaintiff was properly appointed receiver when they executed the bond. They, of course, knew nothing about it, and the plaintiff in taking the bond to himself as receiver, was not relieved from the necessity of establishing his appointment properly. If not duly appointed receiver, the bond, although made to him, could not be made available. It was void. (7 *Barb.* 253. 1 *Denio,* 184. 4 *Hill,* 598.)

III. The judgment roll in evidence has created a greater obligation than existed at the time of the execution of the bond, to the prejudice of the defendants, and without notice to them. This bond was executed under peculiar circumstances. A demurrer had been unwisely interposed in the case of *Scott, receiver, &c.* v. *Claiborne Ferris, Mrs. Hatch and others,* and the defendant Hatch was allowed to answer, on giving this bond. The reciever represented two judgment creditors, amounting to $2243.77, and if it had not been given, the receiver could only have taken judgment then to pay the two judgment creditors for whom he was receiver. The bond was given to answer the claims of these two cred-

itors as the penalty plainly exhibits, and did not represent the entire property alleged to have been held by Mrs. Hatch and others. The plaintiff was not appointed receiver in relation to the two last judgments provided to be paid in the judgment roll, until more than a year after the bond was given, as appears by the evidence, and these judgments were provided by the judgment roll in evidence to be paid out of the moneys collected of Mrs. Hatch, and to which this bond is now improperly sought to be applied. In construing a writing, it is proper to look at all the surrounding circumstances, the pre-existing relation between the parties, and then to see what they mean, when they speak. (10 *Paige*, 43. 3 *Kern.* 569. 3 *Edw. Ch.* 244.)

IV. Although a receiver is nominally appointed as such in supplementary cases as to all the property of the defendant, it has never been regarded in judgment creditor cases that he was authorized to hold more property than was supposed to satisfy the creditor or creditors in whose behalf he was appointed receiver in other cases. If it be otherwise, then upon the appointment of a receiver in a case where the judgment might not exceed $100, property to an unlimited amount might pass to the receiver, which would be a monstrous outrage upon a defendant who might be perfectly solvent, and only embarrassed by a small judgment. The cases in which a receiver is entitled to all the property of a defendant, are where creditors, of every class, are entitled to come in and share in the property, and the receivership operates for the benefit of all creditors on the basis of insolvency, and a general winding up of the defendant's affairs. Not so in a case of judgment creditors proceeding for their own benefit ; true any creditor could take the like proceeding, and be entitled to have the same receiver appointed ; but if in the case in which the receiver was first appointed, before another case occurred, the amount was paid, the receiver could be discharged from his trust. This principle is recognized by the plaintiff in the judgment roll in evidence, by providing for

the payment only of the judgment in which the plaintiff had been appointed receiver. (*See* 2 *Sandf. Ch.* 513.)

V. There is no proof that Mrs. Hatch or the defendants had any notice of the judgment against Mrs. Hatch, or that any demand was made upon her, or upon the defendants, before suit brought.

VI. The judgment against Claiborne Ferris and Mrs. Hatch was in reference to the same property. Ferris being held liable for a part, and Mrs. Hatch for the whole, by the judgment it is provided that the amount collected from Ferris should be credited on account of the judgment against Mrs. Hatch. Ferris, before the commencement of this action, paid $2000 in compromise of his judgment, amounting to $2840.50, and this amount is to credited on account of the judgment against Mrs. Hatch, if not the whole amount of the judgment. The defendant claims that this payment is in effect a payment by Mrs. Hatch upon the judgment, and is to be applied by the court, and *enures* for the benefit and relief of the sureties in the bond on account of their liability, if any. The payment should be treated as a payment of so much of the judgment against Mrs. Hatch as the sureties would be liable to pay, rather than to be applied in such a manner as to extinguish so much of the judgment against her, leaving the balance open upon which to charge the sureties in the bond. Mrs. Hatch would have a right to so order a payment that her sureties would be relieved to that extent, and in view of a general application, the court will make such an order as shall be just and equitable to relieve the sureties to the extent of the payment, and if not to the full extent, then at least *pro rata.* They will do what Mrs. Hatch was in honor bound to do in the premises. Mrs. Hatch could have provided the sureties with funds to relieve themselves first. A payment upon such a judgment should be so regulated as to relieve the sureties, for it is beneficial to Mrs. Hatch that such a disposition should be made. (*See* 9 *Cowen,* 775, *note ;* 10 *Barb.* 183 ; *Story's Eq. vol.* 1, *p.* 497 ; *Burge*

*on Sureties, pp.* 122, 130–32 ; *Story on Contracts,* § 883 ; *Story's Eq.* § 324 ; *Bridenbecker* v. *Lowell,* 32 *Barb.* 9, 22, to 24 ; 8 *Wend.* 403 ; 11 *id.* 62 ; 10 *Pick.* 129.)

VII. Sureties are entitled to the special protection of the court, and upon equitable principles will always be relieved in preference to allowing a creditor to pay himself at their expense, unless the payment is specially made to their exclusion.

*C. Bainbridge Smith,* for the respondent. I. There is in fact no legal or equitable defense to the bond given by the defendant to the plaintiff. It is not a statutory bond, and the principles of law governing it are the same as any voluntary instrument under seal, given by one party to another, for a valuable consideration. The exceptions taken at the trial are all untenable. 1. The objection and exception to the judgment are not well taken, because the judgment cannot be impeached in a collateral action or proceeding. It is *res inter alios acta.* (*Gelston* v. *Hoyt,* 13 *John.* 561. *Sweet* v. *Barney,* 23 *N. Y. Rep.* 335, 341.) 2. The exception to the order of the court of common pleas, in which court the plaintiff was originally appointed receiver, has no force, as the action is maintainable, whether such leave had been given or not. 3. The plaintiff, as such receiver, commenced the action in which the bond was given. The defendant accepted the favor which was extended to him by the court, upon condition ; he gave the plaintiff, as such receiver, the bond in question. The plaintiff, as such receiver, recovered in that action, and the defendant is estopped from denying the plaintiff's title to the bond, or that he was receiver. It was therefore not necessary to produce the order appointing the plaintiff as such receiver. Besides, the order appointing the plaintiff receiver could not be inquired into collaterally. (*Tyler* v. *Willis,* 33 *Barb.* 327.) 4. The motion to dismiss the complaint, and the exceptions taken to the refusal thereof,

are not available. (*a.*) If it were not necessary to produce the order itself, it was not incumbent on the plaintiff to furnish the original affidavit and papers upon which the order appointing him receiver was based. (*b.*) The same objection applies to the second ground upon which the defendant moved for a dismissal of the complaint. (*c.*) The third ground of dismissal, that the judgment offered in evidence created a greater obligation than existed at the time of the existence of the bond, is not well founded, as it is not true in fact, and the objection could not be raised collaterally. (See above.) (*d.*) The exception that the bond is not in accordance with the order, was not approved by a justice of this court, and has never been accepted by the court, is not well founded. The bond does conform to the order. If it did not, the defendant executed it, and the plaintiff accepted it. It is not a statutory bond, but one voluntarily given to the plaintiff, for a valuable consideration. The defendant having had the benefit for which the bond was given, cannot object that it does not exactly conform to a certain order of the court. The answer to the objection, that no demand had been made upon the defendant Hatch, nor upon the sureties, is that none is necessary. (*Douglass v. Howland,* 24 *Wend.* 35, 48. *Brookbank* v. *Taylor,* *Cro. Jac.* 685. *Birks* v. *Trippett,* 1 *Saund. R.* 32. *East River Bank* v. *Rogers,* 7 *Bosw.* 493.) 5. The two propositions urged upon the court by the defendant are not well taken. (*a.*) The bond speaks for itself, and its validity does not depend upon the order ; but if it did, that shows the object for which it was given. There is no testimony, nor any offered, tending to show the bond was given for the purposes alleged. If any such testimony had been offered, it would have been excluded, on the ground of its varying the written instrument. (*b.*) The judgment against Claiborne Ferris was recovered for property which he specifically received. (*c.*) The claim against the defendant, Claiborne Ferris, was alleged in the complaint at the time the bond was given. If it had been

intended that that claim, or the proceeds collected thereon, should be applied to the bond, a provision would have been made therein to that effect.

II. The judgment should be affirmed.

*Ten Broeck & Van Orden,* in reply. I. The point that the appointment of a receiver cannot be inquired into *collaterally* does not apply where the question of *jurisdiction* is raised, which may be started anywhere, or at any time.

II. The points that the recovery against Ferris was for property specifically received by him, and that the claim against Ferris was alleged in the complaint at the time the bond was given, and that if intended that that claim or the proceeds collected thereon should be applied to the bond, a provision would have been made accordingly, is answered by the fact that the claim against Mrs. Hatch covered the *same property* as the claim against *Ferris,* including all the property of the judgment debtor, which was the reason why the amount collected of Ferris was ordered to apply on the judgment against Mrs. Hatch and being in effect a payment by Mrs. Hatch on her judgment, the payment enured to the benefit of her sureties in the bond which was the first obligation in order. This is a case of a judgment secured to the *extent of* $5000, while the judgment subsequently obtained is over $11,000. The first payment by Mrs. Hatch should be applied on her bond, to relieve her sureties.

III. The civil law recognizes the doctrine of protecting sureties in a case of this kind. The common law in England has adopted the same doctrine, and the same doctrine has been adopted in this state. (*See cases cited under 6th point of appellant.*) Whether *several debts* are *owing and one secured* or *one debt in part secured,* the principle is the same. The *payment to the receiver* is a payment *to the court* on account of a judgment in *favor of the receiver,* and is to be applied by the court as they *shall deem equitable* upon

the principles before stated. *It is not the case of an ordinary creditor.*

*By the Court,* SUTHERLAND, J. It appears on the face of the bond upon which this action was brought, that if it was executed to the plaintiff as receiver, &c. and considering this, and the circumstances under which the bond was executed, I think its execution must be deemed an admission by the obligors, not only that the plaintiff had been duly appointed receiver, but also that the receiver was authorized to bring the action mentioned in the condition of the bond. It appears to me therefore, that it was not necessary for the plaintiff on the trial, to introduce the original affidavit and supplemental order in the court of common pleas, nor to show the judgment recovered, and execution issued and returned ; especially as the defendant Duncombe had not set up in his answer, that the plaintiff had not been regularly appointed receiver, and made no attempt to show that he had not been, on the trial. I doubt whether it was necessary for the plaintiff to introduce even the original order appointing him receiver, or his bond as receiver.

The plaintiff was first appointed receiver by Judge Hilton, of the common pleas, in 1861, in two cases, the judgments in which amounted to $2243.77. The bond on which this action was brought was given in April, 1862 ; its penalty is $5000, and its condition, to obey and pay any judgment the plaintiff might recover against the defendant Caroline C. Hatch, in the action brought by the plaintiff as receiver, and mentioned in the condition of the bond. Subsequently, and in July, 1862, the plaintiff was appointed receiver in two other cases, by Judge Brady of the common pleas, the judgments in which amounted, in the aggregate, to about $3500. Subsequently, and in December, 1864, the plaintiff recovered judgment in the action brought by him as receiver, mentioned in the condition of the bond, against the defendant Caroline C. Hatch, for $11,003.63. The defendant Dun-

combe insists that he is liable on the bond only to the extent of the amount of the two judgments in the cases in which the plaintiff was originally appointed receiver, on the ground that it must be presumed that he incurred his liability by signing the bond, as surety, with reference only to those two judgments.

This point is not without force, but I think the answer to it is, that he must be presumed to have known the law, when he executed the bond, and that the plaintiff might subsequently be appointed receiver in other cases, and if he was, that there might be a judgment against Caroline C. Hatch in the action by the receiver in which the bond was executed, for an amount sufficient to cover and satisfy the aggregate of the judgments in all the cases in which the plaintiff had been appointed receiver. The condition of the bond being to obey and pay any judgment the plaintiff, as receiver, might recover in the action in which the bond was given, I do not see how the defendant Duncombe can avail himself of this point.

As to the direction in the judgment obtained by the receiver in the original action, that any amount collected of the defendant Ferris on the separate judgment against him should be credited on the judgment against Mrs. Hatch, if you deduct from the judgment against Mrs. Hatch the $2000 paid by Ferris to the receiver, there still remains due on the judgment against Mrs. Hatch an amount far beyond the penalty of the bond, for which the judgment in this action was rendered. The direction in the original judgment obtained by the receiver is, that the money collected of Ferris be credited on the judgment against Mrs. Hatch, not on the bond on which this action was brought. Though there is certainly some show of equity in the position taken by the defendant Duncombe as to the application of the $2000 received of Ferris, yet I do not see how we can consider that money as received and indorsed on the bond.

Upon the whole, though I am not free from doubt whether the judgment on the bond, as to the defendant Duncombe, should be affirmed to its full extent, yet I think it must be so affirmed, with costs.

[NEW YORK GENERAL TERM, April 3, 1867. *Leonard, Sutherland* and *Ingraham*, Justices.]