D. Lansing Skinner, Receiver, etc., v. Thomas J. Lucas and William B. Bennett, Impleaded with William D. Mansfield.

*Receiver—Legality of appointment—Collateral inquiry—Security for costs—Approval of bond.*

1. The legality of the appointment of a receiver cannot be questioned in a *collateral* proceeding by defendants who have *fully* and *completely* recognized such officer as legally appointed.

   So *held*, in a suit by the receiver of a fire insurance company brought to recover costs adjudged in his favor on the hearing of a petition by the secretary of the company for the payment of an alleged indebtedness due him, and in which matter he entered into an undertaking for the payment of the costs sued for, it appearing that the act under which the company was organized was invalid on account of a defective title.

2. Chancery rule No. 6, providing for security for costs by non-residents, does not prescribe any particular form in which the security shall be given, which question could only become material upon application for judgment against the sureties at time of rendition of judgment against the principal. *Brion v. Kennedy,* 47 Mich. 499.

3. The approval of a bond or undertaking given as security for costs is not a condition precedent to the liability of the principal thereon.

4. In a suit on an undertaking given as security for costs, and actually filed with the proper officer, he cannot be asked if he received the obligation as a compliance with the order of the court requiring its execution, such inquiry being immaterial, and his views upon that question not affecting the plaintiff's right of recovery.

Error to Kent. (Montgomery, J.) Argued January 17, 1888. Decided February 2, 1888.

Assumpsit. Defendants Lucas and Bennett bring error. Affirmed. The facts are stated in the opinion.

*William E. Grove,* for appellants.

*Mark Norris,* for plaintiff.

LONG, J.   The plaintiff brought this suit in the character
of receiver of the Michigan Mutual Fire Insurance Company,
averring in the declaration that he had been duly appointed
as such receiver.

The action is based upon an alleged bond or undertaking
for costs.

The averments of the declaration are, substantially, that
on the thirteenth day of April, 1885, defendant Mansfield
exhibited his petition to the circuit court for the county of
Kent, in chancery, in a certain cause therein pending,
wherein Eugene Pringle, as Commissioner of Insurance for
the State of Michigan, was complainant, and the said Mich-
igan Mutual Fire Insurance Company was defendant, pray-
ing thereby that plaintiff be ordered to show cause why the
claims of said defendant Mansfield set forth in said petition
should not be paid out of the funds in plaintiff's hands as
receiver of said Michigan Mutual Fire Insurance Company;
that plaintiff answered said petition, and the matter was
referred to a special master to take proofs, and state the
account between said Mansfield and plaintiff as such receiver,
and report the same, with his finding and conclusions of fact
and law, to said court; that, in the matter of said petition,
said defendant Mansfield was required by order of said court,
in chancery, to furnish security for all costs which might be
taxed against him in the matter of said petition.

That, pursuant to said order, the defendant executed and
delivered to the register of said court, in chancery, for the
use and benefit of the plaintiff, a writing obligatory condi-
tioned as follows:

"We, William D. Mansfield as principal, and Thomas J.
Lucas and William B. Bennett as sureties, undertake and
agree to pay to the said D. Lansing Skinner, receiver
aforesaid, any and all costs incurred by reason of such ref-
erence, if the costs of such reference be adjudged against

the said William D. Mansfield; to which payment, well and truly to be made, we bind ourselves, our heirs, executors, and administrators; then and in that event this undertaking shall be null and void; otherwise, to remain in full force and virtue.

> "W. D. MANSFIELD. [Seal.]
> "THOMAS J. LUCAS. [Seal.]
> "W. B. BENNETT. [Seal.]"

It is further alleged that after the making of said writing obligatory such proceedings were had in the matter of said petition that on the sixth day of September, 1886, by the order and decree of the said circuit court for the county of Kent, in chancery, the said plaintiff recovered of said defendant William D. Mansfield his costs in the matter of the petition aforesaid, and the special master's fees, and a solicitor's fee of $30, to be taxed, and the said defendant William D. Mansfield was adjudged to pay the same to plaintiff; and that on the eighteenth day of September, 1886, the said costs and fees were in due form of law taxed against the said defendant William D. Mansfield at the sum of $229.59, and that the defendants became and were liable to pay the same, etc.

To this declaration the defendants pleaded the general issue, and gave notice—

"That the said D. Lansing Skinner hath not been duly appointed receiver of the estate and effects of the Michigan Mutual Fire Insurance Company, in said declaration named; that the said alleged Michigan Mutual Fire Insurance Company has not and never had any legal existence, nor any capacity to sue or be sued; and that all proceedings relating to said alleged receivership, and the claim of said William D. Mansfield, and the reference thereof, and the order and decree thereon, in said declaration mentioned, including the said order for security for costs, and the taxation thereof, were and are without authority of law, and void; *　*　* that the said writing obligatory in the said declaration mentioned was never delivered by the said alleged makers thereof, nor by any or either of them, nor by any person by the authority or on behalf of them, or any or either of them, to

the said plaintiff, or to any person for him or for his use."

On April 30, 1887, the cause came on for trial in the circuit court for the county of Kent, before Judge Montgomery without a jury; and on the twenty-ninth day of October, 1887, he filed in the cause the following findings of fact and law:

"A finding having been requested in this cause, I, Robert M. Montgomery, judge of said court, before whom said cause was tried, do find the facts appearing on said trial to be as follows:

"1. That on the twenty-fifth day of August, 1884, plaintiff was, by the circuit court for the county of Kent, in chancery, appointed receiver of the Michigan Mutual Fire Insurance Company, and that he qualified, and undertook the execution of the trust.    The Michigan Mutual Fire Insurance Company aforesaid was organized under Act No. 175, Laws of 1883, of the Legislature of Michigan, and the said appointment of plaintiff, as such receiver, was made upon the bill of complaint and motion of the Commissioner of Insurance for the State of Michigan, under and by virtue of section 15 of said act, in a proceeding instituted by and in the name of said Commissioner of Insurance against said company as a corporation.

"2. That while plaintiff was engaged in performing his duties as receiver, defendant Mansfield, April 13, 1885, filed his petition in the circuit court for the county of Kent, in chancery, in the cause in which the plaintiff had been appointed receiver, in which he set forth that the Michigan Mutual Fire Insurance Company was indebted to him for services as its secretary in the sum of several thousand dollars, and prayed that plaintiff, as receiver, be required to pay the same out of the funds of the company in his hands.    Plaintiff, as receiver, answered the petition, denying that any sum was due Mansfield, and claimed a large sum due the company from him.    Issue was joined on this petition and answer, and the matter was referred to a referee to take proofs, and state the account between defendant Mansfield and the company.    June 8, 1885, upon the petition of plaintiff as receiver, defendant Mansfield was ordered to file security, to be approved by the court or the register thereof, for the costs which might be taxed against him in the matter of his petition.    June 8, 1885, defendant Mansfield, or his solicitors, delivered to the

register of the circuit court for the county of Kent, in chancery, the following undertaking for costs, signed by himself and defendants Lucas and Bennett [omitting formal parts]:

"'WHEREAS, The said William D. Mansfield has filed his petition in the above-entitled cause, praying that an order be made therein directing D. Lansing Skinner, receiver of the said Michigan Mutual Fire Insurance Company, to show cause, if any, why the claim of said William D. Mansfield should not be allowed; and

"'WHEREAS, The said D. Lansing Skinner, receiver aforesaid, has filed his answer thereto, denying said claim, and showing why the same should not be allowed; and

"'WHEREAS, An order has been made in said cause referring said matter for examination to John S. Lawrence, Esq., as master, for the purpose of taking proofs, and reporting the same to this court; and

"'WHEREAS, Also an order has been made herein requiring said petitioner, William D. Mansfield, to furnish security for any costs that may be adjudged against him by reason of such reference to said master;

"'Now, therefore, we, William D. Mansfield as principal, and Thomas J. Lucas and William B. Bennett as sureties, undertake and agree to pay to the said D. Lansing Skinner, receiver aforesaid, any and all costs incurred by reasons of such reference, if the costs of such reference be adjudged against the said William D. Mansfield; to which payment, well and truly to be made, we bind ourselves, our heirs, executors, and administrators; then and in that event this undertaking shall be null and void; otherwise, to remain in full force and virtue.

"'W. D. MANSFIELD.    [L. S.]
"'THOMAS J. LUCAS.    [L. S.]
"'W. B. BENNETT.    [L. S.]'

"Afterwards the reference aforesaid proceeded, and the referee made up his report, finding defendant Mansfield to be owing the company a large sum of money. This report the referee refused to file without the payment of his fees, which were $187.50; and thereupon, upon petition of plaintiff as receiver, Mansfield was ordered to pay the referee's fees within five days after service on him, or his solicitor, of a certified copy of the order of the court requiring it, and, in default of such payment by Mansfield, plaintiff, as receiver, was ordered to pay the same out of the company's funds in his hands. This order was served as therein directed. Mansfield did not pay the referee's fees. The plaintiff paid the same out of the company's funds in his hands.

"The referee's report was filed, and, after argument of exceptions taken and appearing in referee's report, was confirmed; and plaintiff, as receiver, recovered $1,258.92 by the final order and decree of the court, with the costs of the proceedings, which were afterwards, September 18, 1886, taxed at the sum of $229.59. Demand was made on defendants prior to suit for the payment of said costs so taxed, and the same was refused.

. "3. As a conclusion of law, I find that plaintiff is entitled to judgment for $229.59, the aforesaid costs, with interest at 6 per cent. from December 30, 1886, the day of commencement of suit, amounting at the date of this finding, to $11.40.

"Let judgment be entered against defendants for $240.99, and the costs in this suit to be taxed.

"ROBERT M. MONTGOMERY,

"*October* 29, 1887.                      Circuit Judge."

To which said finding of the said court, and the rulings of law embodied therein, the counsel for said defendants Lucas and Bennett, within four days after filing of the said finding with the said clerk, did, in behalf of the said defendants Lucas and Bennett, allege exceptions in writing, and file the same with the said clerk, as follows, to wit (omitting formal parts):

"And now come the said defendants Thomas J. Lucas and William B. Bennett, by William E. Grove, their attorney, and allege exceptions to the matters of law embodied in the finding made and filed in this cause, as follows:

"1. They except to the finding 'that on the twenty-fifth day of August, 1884, plaintiff was, by the circuit court for the county of Kent, in chancery, appointed receiver of the Michigan Mutual Fire Insurance Company, and that he qualified and undertook the execution of the trust,' because there was no evidence in the case to support the said finding.

"2. They except to the finding, 'June 8, 1885, defendant Mansfield, or his solicitor, delivered to the register of the circuit court for the county of Kent, in chancery, the undertaking for costs, signed by himself and defendants Lucas and Bennett,' which is set out in said finding, because there was no evidence in the case to support the said finding.

"3. They except to the finding that 'as a conclusion of law, I find that plaintiff is entitled to judgment for $229.59, the aforesaid costs, with interest at 6 per cent. from December 30, 1886, the day of commencement of suit, amounting at the date of this finding to $11.40,' because there was no evidence in the case to support said finding, nor to support the finding of facts upon which said conclusion rests.

"*Dated October* 31, 1887."

On October 29, 1887, judgment was entered in the cause in favor of the plaintiff for the amount of $240.99, and defendants bring error.

Defendants' first assignment of error is as follows:

"The court erred in overruling the objections of said appellants to the introduction in evidence of the files, records, and proceedings in a certain cause in the circuit court for the county of Kent, in chancery, wherein Eugene Pringle, as Commissioner of Insurance for the State of Michigan, was complainant, and the Michigan Mutual Fire Insurance Company was defendant, and to all testimony on the part of the plaintiff; for the reason that it appeared from the said bill of complaint, and the proceedings thereon, which resulted in the appointment of a receiver, that the defendant in that cause, the Michigan Mutual Fire Insurance Company, was proceeded against in said cause as a fire insurance corporation, organized and existing under the provisions of Act No. 175, Laws of 1883 of this State, which had been held to be unconstitutional,[1] and because all proceedings in said cause were without jurisdiction and void, being based on said void law, and therefore said plaintiff could not prove h's capacity of receiver thereby."

We think the defendants should not be heard to question the appointment of plaintiff as receiver in this collateral way.

It appeared upon the trial that in 1883 the Michigan Mutual Fire Insurance Company was organized under Act No. 175, Laws of 1883, and commenced to do business as an insurance company. In August, 1884, the Commissioner of Insurance filed his bill in the circuit court for the county of Kent, in chancery, to close up said company. Subpœna and

[1] See *Skinner v. Wilhelm*, 63 Mich. 568.

order to show cause having been served, August 25, 1884, plaintiff was appointed receiver of said company by the court. He qualified, and entered upon the discharge of his duties, and acted as receiver for more than two years, collected and disbursed large sums of money, paid dividends on the indebtedness of the company, conducted litigation brought against him, and in other ways performed the duties usually incident to the office of receiver. Defendant William D. Mansfield had been secretary of the company, and defendants Lucas and Bennett were his bondsmen for the faithful performance of his duties as such secretary.

On October 9, 1884, defendant Mansfield filed a petition in the court in the cause in which plaintiff had been appointed receiver, praying that he and his sureties might be discharged from all liability on his secretary's bond. The plaintiff answered the petition, and the prayer of the petitioner was denied. April 13, 1885, defendant Mansfield filed another petition in said court and cause, setting up that the company was indebted to him to the amount of over $6,000, and praying that plaintiff as receiver be ordered to pay the same out of the company's funds in his hands.

Plaintiff answered the petition, claiming a balance due the company from defendant, and that his bond as secretary was forfeited. On the coming in of this answer, by consent the matters in issue were referred to Mr. John S. Lawrence to take proofs, and examine and state the account between Mansfield and the company.

After this reference, plaintiff petitioned the court for an order requiring Mansfield to furnish security for costs. June 8, 1885, the court made an order requiring Mansfield to—

"Furnish security, to be approved by the court or the register thereof, for all costs which may be taxed against him in this matter."

June 13, 1885, Mr. J. M. Jamison, who was Mansfield's

solicitor in the matter of the last petition, delivered to Mr. Harvey, the register of the court, the undertaking in suit. Harvey received it, and retained it. Defendant Lucas appeared before the register, and justified in the sum of $300. Defendant Bennett did not justify, and the register never approved the bond, but kept it in his possession, and produced it on the trial.

Mr. Lawrence, the referee, refused to file his report until his fees were paid. Plaintiff petitioned the court to fix the referee's fees, and require Mansfield to pay the same. On April 6, 1886, the court fixed the referee's fees at $187.50, and required Mansfield to pay the same within five days after service upon his solicitor of notice of the court's order, and, if he did not, that plaintiff should, and tax the same as part of his costs if successful. This order was duly served. Mansfield did not pay, and plaintiff did, and the referee filed his report. The referee's report came on for hearing, and was confirmed, and Mansfield was adjudged to owe the company a considerable sum of money, and plaintiff recovered costs, which were taxed at $229.59. Demand was made upon the defendants for these costs, and refused, and this suit is brought to recover the amount thereof, with interest.

This conclusively shows that the defendants have all of them fully and completely recognized the plaintiff as receiver. The defendant Mansfield appeared in the cause, and submitted himself to the jurisdiction of the court, brought his petition against the plaintiff in that cause as receiver, and that is the cause in which these costs which this suit is brought to recover were made. These costs followed and were occasioned by the defendant Mansfield filing his petition in the cause in which plaintiff was claiming to act as receiver. The defendants Lucas and Bennett were sureties on the bond of defendant Mansfield as secretary of the company, and became sureties for costs in the undertaking in this cause, which recites the fact that plaintiff is receiver of the com-

pany, and generally and fully recognizes his position as such.

This Court said, in *Burton v. Schildbach,* 45 Mich. 504 (8 N. W. Rep. 497):

" It is objected that the receiver was not legally appointed because Schildbach was not made a party to Geller's bill; but Schildbach has recognized the receivership by his subsequent payments, and he should not be heard to question the appointment in this collateral way."

*Scott v. Duncombe,* 49 Barb. 73, was a case where the defendant, in an action brought by a receiver as such, put in a demurrer, which on motion was stricken out as frivolous, and she, on applying to the court for leave to answer, was allowed to do so, provided that she executed a bond, with sureties, conditioned that, if the plaintiff should finally recover against her, she would obey such judgment, and would pay the plaintiff the sum thereby directed to be paid. Such bond was thereupon executed. In an action thereon, it was held that the execution of such bond to the plaintiff *as receiver* must be deemed an admission by the obligors, not only that the plaintiff had been duly appointed receiver, but also that the receiver was authorized to bring the action mentioned in the condition of the bond.

Defendants' second assignment of error is as follows:

"The court erred . in overruling the objections of said appellants to the introduction in evidence of the undertaking mentioned and set out in full in the declaration in this cause, for the reasons previously stated as grounds of objections to the aforesaid files, records, and proceedings, and to all testimony on the part of the plaintiff; and for the further reason that no delivery of the said undertaking was proved. The condition of the order to file security was that said William D. Mansfield should file security, to be approved by the court or register thereof, and no approval was ever made of said undertaking. It was never filed in the cause. And, further, that security for costs in chancery cases, should be given in the form of a bond with a fixed penalty."

We see no force in this objection. Chancery rule 6 provides as follows:

"In all cases where the complainant or complainants are not residents of this State, before process shall issue, a bond in the penal sum of one hundred dollars shall be filed with the register; * * * and the court, or a circuit court commissioner, may, upon motion, upon sufficient cause shown, require a new bond to be filed in the same or an additional amount; and may also require security where complainants are residents of this State, if the justice of the case demand it."

This rule does not prescribe any particular form for the security. Besides, the question of the form of the security is wholly immaterial, and could only become material when application is made for judgment against the sureties at the same time that judgment is rendered against the principal. *Brion v. Kennedy*, 47 Mich. 499 (11 N. W. Rep. 288).

The objection urged that the bond or undertaking was not approved, is of no consequence to the defendants. This was for the protection of the plaintiff, and for his benefit, and was not a condition precedent to the liability of the defendants.

The objection that the undertaking was not delivered to the plaintiff, or any one for his use, is not supported by the facts. The register of the court testifies that it was delivered to him, and retained by him, as the security for costs in the case.

The following are the third and fourth assignments of error, and may be considered together:

"3. The court erred in sustaining the objection of the plaintiff and appellee to the question put to the witness Cornelius L. Harvey, as follows: ' Whether you ever accepted the bond as a compliance with the order that has been put in evidence here, requiring security for costs to be given in that case; whether you have received it as a compliance with that order,'—and in ruling that said question was leading, and ought not to be allowed.

"4. The court erred in sustaining the objection of the said plaintiff and appellee to the question put to said witness Harvey, as follows: 'Did you ever approve of that bond?'—and in excluding the answer thereto, which was as follows: ' I

never did,'—after the same had been received under the objection, and in ruling that the said question ought not to be allowed, and that the answer thereto should be excluded; and in sustaining the said objection that the counsel for said appellants 'was attempting to prove the non-delivery of the bond under pleadings which do not admit of that evidence."

We think the court was correct in this ruling. The first question was not only leading, but. wholly immaterial. Whether Harvey received it in compliance with the order of the court or not could in no way affect the rights of the plaintiff. The important fact was the execution and delivery of the bond to Harvey for the benefit of plaintiff. That this was done no one disputes; and how Harvey viewed it, for what purpose he received it, or whether or not he approved it, could not in any manner affect the plaintiff's right of recovery upon it; and the defendants were in nowise injured by the rejection of the evidence.

The fifth and sixth assignments of error are as follows :

"5. The court erred in finding as a fact in this case 'that on the twenty-fifth day of August, 1884, plaintiff was, by the circuit court for the county of Kent, in chancery, appointed receiver of the Michigan Mutual Fire Insurance Company, and that he qualified and undertook the execution of the trust,' because there was no evidence in the case to support said finding.

"6. The court erred in finding as a fact that 'June 8, 1885, defendant Mansfield, or his solicitor, delivered to the register of the circuit court for the county of Kent, in chancery, the undertaking for costs, signed by himself and defendants Lucas and Bennett,' which is set out in said finding, because there was no evidence in the case to support said finding."

The questions raised under these assignments of error have been disposed of in our remarks upon the first and second assignments of error.

The seventh and eighth assignments of error are as follows:

" 7. The court erred in finding that, ' as a conclusion of law, I find that plaintiff is entitled to judgment for $229.59, the aforesaid costs, with interest at six per cent. from December 30, 1886, the day of commencement of suit, amounting, at the date of this finding, to $11.40,' because there was no evidence in the case to support said finding, nor to support the finding of facts upon which said conclusion rests.

" 8. The said court erred in rendering the said judgment against the defendants, and in favor of the plaintiff, because the facts found do not support the said judgment, and because, upon the said finding of facts, judgment should have been rendered in favor of the defendants, and against the plaintiff. "

We need only add, in answer to these assignments, that from the whole case we have no doubt that the plaintiff was entitled to recover; and the findings of the court, both as to the facts and matters of law, are correct.

The judgment is affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred.   MORSE, J., did not sit.