By the Court. Duer, J.
We can perceive no ground whatever for setting aside the report of the referee, as contrary to evidence. It appears to us, that all the facts found by him were, not only sufficiently, but very clearly, proved.
The only questions, then, to be considered, are questions of law, arising upon the pleadings, and upon the facts as found by the referee. The first of these questions is, whether the complaint *175 states facts sufficient to constitute a cause of action. The second, whether the decision of the referee, that the plaintiffs were entitled to recover, is a just conclusion of law from the facts which he has found.
The counsel for the defendant was right, in saying that an objection to a complaint, as not containing facts sufficient to constitute a cause of action, although not raised by a demurrer, may be taken upon the trial; but it is not necessary to say, that if not so taken, it may be raised upon an appeal from a judgment. Here, it appears from the case, that the objection was taken on the trial, but the counsel is mistaken in supposing that it ought to have been allowed by the referee, since we are clearly of opinion that it was not at all applicable to the complaint before him.
It may be true, that where a fund is in the hands of a trustee, with directions to pay it over to different persons in different proportions, all who are thus interested, in the distribution of the fund, are proper parties to an action against the trustee, but it by no means follows, that when an action against the trustee is brought by one of those persons, to compel the payment of the distributive share to which he claims to be entitled, the complaint is defective, as not stating facts constituting a cause of action, since it is manifest, that, in respect to the plaintiff, and the relief which he personally seeks, the cause of action is exactly the same, as if, by the terms of the complaint, all interested in the fund had been made parties, as plaintiffs or defendants. The true and only objection in such a case is, that all so interested ought to be brought in as parties, in other words, that there is a defect of parties, but it is certain, that this is an objection that can only be taken by demurrer or answer, and when not so taken is deemed to be waived, (Code, § 148.) Here, it cannot be pretended that the objection is taken in the answer, and hence, if it was meant to be raised before the referee he had no right to listen to it.
The argument for the defendant overlooks, entirely, the fact, that, since the Code, there is no longer any distinction between suits at law and in equity, as arising from the form of the pleadings, or the jurisdiction of the court; and hence, the cases to which we were referred, and which were all determined before the Code was enacted, have no application. When the sufficiency of a complaint, as not stating facts constituting a cause of action, is now denied, *176 the only question is, whether, if the facts stated are admitted to be true, the plaintiff is entitled to the relief which he claims; and, in determining this question, it is quite immaterial, whether the relief sought is, in its nature, legal or equitable. Hence, if the present action, as involving the distribution of a fund by a trustee, is to be deemed equitable in its nature, but the presence of other parties was thought to be necessary, before the relief sought, although proper in itself, could with propriety be granted, the absence of those parties, ought to have been made a ground of objection, at the time and in the form prescribed by the Code, in order that the plaintiff might bring them in, if their presence were held to be necessary. As the objection has not been taken, in the only mode that the Code has sanctioned, we cannot do otherwise than hold, that it cannot now be urged. But we go further. Had the objection, that has been so strongly relied upon, been raised by a demurrer to the complaint, (the only form in which it could properly be raised,) we are clearly of opinion that it could not have been allowed to prevail. We are satisfied, that, upon the facts set forth in the complaint, it must have been held, that the plaintiff was entitled to maintain the action, in his own name, and on his own behalf, without any reference to the possible claims of other parties.
Where an action is brought against a trustee for a distributive share of a fund, which he is bound to distribute to different persons in unequal proportions, and the proportionate share of each has not yet been ascertained, it cannot be doubted, that all who are interested in the distribution, are necessary parties to the action; but it is equally certain, that, when the proportionate share of each distributee has been definitely ascertained, by a proceeding, binding on the trustee, each is entitled to demand the payment of the share belonging to him, and, when the payment is withheld, may maintain a separate action for its recovery. The liability of the trustee to each is, then, exactly the same, as if the sum, ascertained to belong to him, had been the only sum which the trustee had received, and had been directed to pay. The case is, then, brought within the application of a rule, which, however doubtful it may be regarded upon the English authorities, has long been the established law in this state—the rule, that where A places a sum of money in the hands of B, to be paid over to C, the latter may *177 maintain an action against B for its recovery, as so much money had and received to his use, even when no privity has been created between them by an express promise of payment. (Weston v. Barker, 12 John. R. 279.)
The sum of $12,000, which was placed, in this case, in the hands of the defendant, belonged to the different insurance com■panies, by whom a total loss upon the cargo of the ship named in the complaint had been paid, and belonged to them in proportion to the sums which they had respectively insured and paid. It was his duty, according to the usage of merchants, to cause the sum that each company was entitled to receive to be ascertained, by an estimate or adjustment, to be made by persons of competent skill, usually employed for such purposes. And if such an adjustment was, in fact, made, it was binding on the defendant, unless shown to be erroneous, and each company became, at once, entitled to demand and receive payment of its proportionate share, as thus ascertained, and, if necessary, to enforce its payment by a separate action.
Now, as we read the complaint, it avers, with sufficient certainty, that an average statement or adjustment, showing the sum that each company was entitled to receive, and a copy of which is annexed to the complaint, and forms a part of it, was properly made; and that the plaintiffs have demanded payment of their proportionate share, as thus ascertained, and that such payment had been refused by the defendant. The complaint, therefore, in our opinion, contains an averment of all the facts, that the plaintiffs could be bound to prove upon the trial, to entitle them to recover in a separate action; and, hence, had a demurrer been interposed, either upon the ground of the insufficiency of the complaint, or of a defect of parties, it must have been overruled.
The observations that have been made, render it unnecessary to consider more particularly the question, whether the decision of the referee is a just conclusion of law, from the facts which he has found. He has found in favor of the plaintiffs all the material facts alleged in the complaint and put at issue by the answer, and of this finding, his decision, that the plaintiff was entitled to judgment, was a necessary result. We have already said that this finding was amply justified by the evidence before him, and we now add, that in our opinion, the proof was conclusive that the *178 defendant had procured an adjustment to be made, the validity of which he had admitted, and by the payments he had made under it, was estopped from denying.
We all think that the demand of the plaintiffs for their proportionate share of the fund received by the defendant ought not to have been resisted, and that if there are any errors in the report of the referee, the errors are in favor of the defendant. It is very doubtful, taking into view all the circumstances of the case, whether he ought to have been allowed the commissions which the referee has deducted, and whether he ought not to have been charged with interest for a longer period than that for which it appears to have been computed.
The judgment upon the report is affirmed, with costs.