HUBBARD VS. BURRELL.

TRUST: PARTIES. *(1) Case stated. Trust in proceeds of real estate adjudged. (2) When trust may be enforced in favor of one* cestui que trust, *without making the others parties.*

1. A mother, with minor children, being sick, conveyed land to defendant (who was her mother) in pursuance of an understanding that defendant should take the title in trust for such children; but by mistake the trust was not expressed in the deed, for which no consideration was paid; and afterwards defendant conveyed the land to *bona fide* purchasers, and received the proceeds of the sale. *Held,* that such proceeds in defendant's hands are charged with a trust in favor of the children.

2. Where the complaint alleges facts showing that defendant holds a certain sum of money in trust for the plaintiff and another person, and that each of said *cestuis que trust* is entitled to an aliquot part of the amount, and the trust is not denied, it is not necessary to make the other *cestui que trust* a party.

APPEAL from the Circuit Court for *Ozaukee* County.

This action was commenced in April, 1876. The complaint alleges, in substance, that the plaintiff, *Frederick Hubbard*, now of the age of twenty-one years, and one James Hubbard, now of the age of about twenty years, are the only children and heirs-at-law of Mary Hubbard, who died May 20, 1866;

that said Mary Hubbard, being then a widow, on the 24th of March, 1866, was the owner in fee simple and in possession of certain described real estate; that upon that day, being very sick and in very feeble health, she conveyed the said real property to her mother, the defendant, *Mary Burrell*, who then was and still is a widow; that defendant, in obtaining said deed, undertook to act as the self-appointed agent of said two minor children and for their benefit and sole interest; that it was agreed and understood before and at the time of the conveyance of said land, between Mary Hubbard and defendant, that the land was to be conveyed to the latter in trust for the plaintiff and James Hubbard; that, through the mistake and inadvertence of the parties to said deed and of the scrivener in drawing it, it was made out and executed without stating the trust aforesaid upon its face; that no consideration was paid or agreed to be paid for such conveyance; that at the time of such conveyance plaintiff was eleven years old, and that he had no knowledge of said conveyance or its object until about five years before the commencement of the action; that from the date of said deed until January 1, 1871, defendant received the yearly rents and profits of said real estate, of the value of $50 a year above all taxes; that on the day last named defendant sold and conveyed the property, by warranty deed, to *bona fide* purchasers, who paid therefor over $400 in cash, and also paid debts of Mary Hubbard amounting to less than $100, and gave defendant their promissory note for $1,300, payable in five years from date, with interest at seven per cent. per annum, secured by a mortgage on the land; that defendant has collected the annual interest upon said note, and has also collected $150 of the principal sum, and there is still due and unpaid upon the note $1,150 and some interest; that the note and mortgage are still in defendant's hands; that of the moneys received on the sale of said land and the proceeds thereof, defendant has loaned to one Hamlyn between $500 and $600, drawing interest at ten per cent.; and that she now

holds the promissory note of Hamlyn for that amount, on which she has collected about $125 interest. The complaint then alleges that the note and mortgage given upon the purchase of said land, the Hamlyn note, the moneys collected as interest thereon, the sum of $150 collected of the principal, and the rents, issues and profits received from said land, amounting in all to $2,500, are held in trust for the plaintiff and James Hubbard; that one-half thereof, being of the value of $1,250, is held by defendant in trust for the plaintiff; that defendant, at the time she received said notes and mortgage, and while in possession thereof and of the other proceeds of the land above mentioned, acknowledged that she held the same in trust for the plaintiff and James Hubbard; and that after plaintiff became twenty-one years of age, and before the commencement of this action, he demanded of the defendant his rightful share of said trust property, but defendant refused to deliver it to him, denying the trust, and claiming title in herself to the property. After some further averments to show that the plaintiff is remediless, except by this form of action, the complaint demands judgment, 1. That the deed from Mary Hubbard to the defendant be "reformed according to the intention of the parties, so as to be a deed of trust to the defendant for this plaintiff and James Hubbard, the heirs-at-law of Mary Hubbard, deceased, and when so reformed be adjudged a deed of trust for the sole benefit of the said heirs." 2. That the defendant took and held said land in trust, and still holds the proceeds of the sale, the notes and mortgage and moneys and rents aforesaid, in trust in equal shares for the plaintiff and James Hubbard. 3. That the plaintiff be paid one-half the value for which the land was sold, viz., $900, and interest thereon from January 1, 1871, to the time of payment; and also one-half the yearly rents of the land from March 24, 1866, to January 1, 1871, with interest. 4. That said note and mortgage for $1,150 and interest be first applied towards such payment; that the Hamlyn note be next applied

thereon; and that so much as may be necessary of the principal and interest of the purchase money, and of the rents, in defendant's hands, may be applied to pay the balance of the amount so adjudged to the plaintiff, with the costs and expenses of this action. The complaint also asked for an injunctional order, restraining the defendant from paying out or disposing of the moneys and securities mentioned therein, until the further order of the court; and for general relief.

The defendant demurred to the complaint, 1. For a defect of parties, in that James Hubbard should have been made a party. 2. That it did not state a cause of action. 3. That the cause of action accrued more than ten years before the action was commenced. From an order overruling his demurrer, the defendant appealed.

The cause was submitted for the appellant on the briefs of *Foster & Coe.* They argued, 1. That James Hubbard was a necessary party. The complaint asks the court virtually to draw a contract between the defendant on the one part, and the plaintiff and James Hubbard on the other, without James Hubbard being heard; to make a contract for James Hubbard without his knowledge. It also virtually asks for an accounting between the trustee and one of the *cestuis que trust,* without the presence of the other, in respect to a common fund, and that a certain amount be paid to that one, though it should take all the trustee has of the fund, and leave nothing for the other. Any part of the trust fund paid to one *cestui que trust* without the consent of the other, would still be held in trust. There is no such thing as divesting trust property of its trust character without an accounting by the trustee with all the *cestuis que trust.* And who would be a trustee for several different *cestuis que trust,* if he could be subjected to a separate action by each? In a bill by one legatee against executors to obtain his share, all the legatees must be parties. Story's Eq. Pl., § 206. So in suits respecting trust property, brought by or against trustees, the *cestuis que trust* are necessary par-

ties. All persons having charges on the property under the trust, must be made parties to an action in respect to the execution of the trust. Id., § 207. So in an action for an accounting, all persons interested in the accounting must be made parties. Id., §§ 218–220; Moak's Van Santv., 80, 81, and cases there cited. And, in general, all persons should be parties to a suit in equity, who are necessary to make the determination complete and prevent further litigation. Story's Eq. Pl., §§ 72, 76 a, 76 b; *Armstrong v. Pratt*, 2 Wis., 299, 306; *Geisse v. Beall*, 3 id., 367; *Pettibone v. Edwards*, 15 id., 95; *La Grange v. Merrill*, 3 Barb. Ch., 625; *Van Epps v. Van Deusen*, 4 Paige, 64. Ch. 168 of 1864 (Tay. Stats., 1421, § 23) was intended to aid plaintiffs in bringing in necessary parties, discovered to be such after the action is commenced, and not to oppress defendants by permitting the court to proceed without the presence of the parties shown to be necessary by the complaint itself. If the want of parties plaintiff is apparent on the complaint, the objection must be taken by demurrer, or the defect is waived. Wait's N. Y. Code, sec. 144, subd. 5, and cases there cited; *De Puy v. Strong*, 37 N. Y., 372. 2. That the cause of action, if any, accrued upon the execution and delivery of the deed, and the action was barred after the lapse of ten years from that date. R. S., ch. 138, sec. 22; *Parker v. Kane*, 4 Wis., 1; *Howell v. Howell*, 15 id., 55; Moak's Van Santv., 681; Angell on Lim., §§ 496–7. 3. That the complaint does not state a cause of action. (1) What is the case but one of an intended gift? So long as the gift is incomplete, there is place for a change of intention. *Wilson v. Carpenter*, 17 Wis., 512, 516. The deed would have been reformed at the suit of the donor; but what equity has the intended donee? If the donor were living, could the alleged *cestui que trust* bring this action? Does the death of the donor give him any rights? Equity will not interpose, to relieve against accidents that prevent a voluntary disposition of estates. It will not execute an intent to give. 1 Story's Eq.

Jur., § 105 a. (2) There is no pretense that the deed was intended to give the plaintiff the present possession and profits of the land, and therefore sec. 5, ch. 84, R. S., does not apply to it. By subd. 5, sec. 11 of the same chapter, a trust for the beneficial interest of any person "must be fully expressed and clearly defined." The complaint, therefore, should show what words were intended to be used. It must clearly appear that there was a mistake (32 Wis., 248); but unless the words omitted by mistake are alleged, how can they be proven? The prayer is that the deed be reformed so as to declare a trust; but which one of the five trusts provided for by the statute, does not appear. The complaint leaves the court, rather than the parties, to give form to the instrument. (3) Where a complaint asks a relief that the facts stated do not warrant, it is demurrable. Moak's Van Santv., 228, 758, and cases there cited. Where there is no answer, the relief cannot be substantially different from that demanded. R. S., ch. 132, sec. 29. The facts stated, therefore, must be such as to warrant such relief.

*I. N. Frisby*, for respondent:

1. It appears by the pleadings that there has been a breach of trust as to the whole fund, and that there is no dispute as to the respective shares of the plaintiff and James Hubbard. Under these circumstances, plaintiff may sue alone for his share. *Van Wart v. Price*, 14 Abb. Pr., 4, note; 5 Duer, 175–6; *Perry v. Knott*, 5 Beav., 293; *Smith v. Snow*, 3 Madd., 10. It is only where the court cannot determine the rights of the parties before it, without prejudice to the rights of others not before it, or by saving their rights, that the persons omitted are necessary parties. Tay. Stats., 122, § 22; *Wallace v. Eaton*, 5 How. Pr., 99; *McMahon v. Allen*, 12 id., 39–45; *Bailey v. Inglee*, 2 Paige, 278; *Foster v. Hickox*, 38 Wis., 412; *Society, etc., v. Hartland*, 2 Paine C. C., 536. And, to sustain a demurrer for defect of parties, the person omitted must be not merely a *proper* but a *necessary* party

(2 Til. & Shearm. Pr., 125–6; *Perkins v. Church*, 31 Barb., 84; *Bailey v. Inglee*, *supra*); and the fact must appear affirmatively that defendant will be prejudiced by the omission of such party. *Stockwell v. Wager*, 30 How. Pr., 271–275. We cannot infer such prejudice in this case by presuming that defendant will be subject to another suit by James for his share; for the law presumes that she will acquit herself of her obligation to him without suit. 1 C. & H.'s Notes, 296. 2. After Mary Hubbard conveyed the land to the trustee for the infant heirs-at-law, they were seized of the freehold in contemplation of equity; and no cause of action accrued to the grantor, but only to the *cestuis que trust* (1 Cruise's Dig., 381, tit. 12, ch. 1; 4 Kent's Com., 301, 303; 1 Burr. Law Dic., 260); and the suit was brought as soon as plaintiff was twenty-one years old, which was in time. Tay. Stats., 1627, § 29. 3. The complaint states a cause of action. *Roller v. Spilmore*, 13 Wis., 26; *Siemon v. Schurck*, 29 N. Y., 598; *Foot v. Bryant*, 47 id., 544. The donor completed the delivery of the gift when she delivered to the trustee the conveyance of the land which is the subject of the gift. *Siemon v. Shurck, supra*. Moreover, if defendant assumed to act as the agent of the infants in taking the conveyance, she is estopped to deny that she holds the property in trust for them. 13 Wis., 26; 6 Paige, 355, 364. We submit that this trust does not come under subd. 5, sec. 11, ch. 84, R. S., but is provided for by sec. 9 of that chapter, which is substantially like the New York statute, under which the two cases cited above from that state were decided. 4. Plaintiff can have no greater relief than that to which his case, as alleged and proven, shows him entitled; and the complaint is not demurrable merely because a part of the relief demanded is not warranted by the facts stated. Moak's Van Santv., 275, 279; *Marquat v. Marquat*, 12 N. Y., 336; 2 Till. & Shearm. Pr., 114, 115, and cases there cited.

COLE, J.   The first ground of demurrer is, that James Hubbard should have been made a party either as plaintiff or defendant.   The answer to this objection is, that by the demurrer the trust is admitted, and it is also admitted that the defendant holds one-half of the proceeds of the sale of the land, which is of the value of $1,250, in trust for the plaintiff, who is entitled to the same.   Under these circumstances there is no valid reason against his maintaining an action to recover his share of the funds.   The general rule doubtless is, that in suits respecting the trust property, brought either by or against the trustees, the *cestuis que trust* as well as the trustees are necessary parties; but there are exceptions to this rule.   "Thus, for example, if each party is entitled to an aliquot part, such as a quarter or a half of an ascertained and definite trust fund, in such a case he may sue for his own portion thereof without making the other *cestuis qui trust* (or beneficiaries) parties, for there is no community of property, or other matter, in virtue of which they have, or can have, any interest in the suit or subject of the suit."   Story's Eq. Pl., § 207 a; *Smith et al. v. Snow*, 3 Madd., 10; *General Mutual Ins. Co. v. Benson*, 5 Duer, 168.   In this case the share which the plaintiff is entitled to receive is definitely ascertained, and there is no reason why he should not have a separate action for its recovery.   If the trust should be denied, there would be strong grounds for claiming that James should be made a party in order to establish the trust; but that question is not now before us, and is not intended to be decided. But the facts of the complaint being admitted, each of the beneficiaries has the right to demand of the defendant as trustee the payment of the share belonging to him.

Another objection is, that the complaint does not state facts sufficient to constitute a cause of action.

It appears, according to the statements of the complaint, that the plaintiff and James are the only heirs of Mary Hubbard, deceased; that their mother died in May, 1866; that in

March, 1866, she was the owner of certain lands, and, being sick, conveyed such real estate to the defendant, her mother, who assumed to act as the self-appointed agent of the children, then minors, and for their interest, in obtaining the deed. It is alleged that at the time of the conveyance it was agreed that it should be in trust for the children, but, through mistake, the trust was not declared, the deed being made absolute in form; that there was no consideration paid for the conveyance, the sole object being to convey the land to the defendant, in trust for plaintiff and James. Then follow the allegations that the defendant has sold and conveyed the lands to *bona fide* purchasers; has received the proceeds, which she holds in trust, amounting, etc., and that one-half belongs to the plaintiff, stating the value. It seems to us these facts beyond all question show a cause of action. It is admitted that the defendant originally took the conveyance in trust and as the agent of the plaintiff and James; that by mistake the deed was made absolute instead of fully expressing the trust; that she paid no consideration; that she has sold the lands and holds the proceeds as trustee, etc. This states a cause of action. *Roller v. Spilmore*, 13 Wis., 27. This case is much stronger in its facts than that of *Siemon v. Schurck*, 29 N. Y., 598, where it was decided that although Youngs held the legal title, by virtue of his deed, it was a mere naked title without interest, and one upon which a judgment against him could not fasten an effective lien. It does not appear that there was any mistake in that case, but the purchase was made for the benefit of the plaintiff, *an infant*, by her parents, who paid the purchase money; yet the trust was enforced as against one claiming under a sheriff's sale on a judgment against the trustee. We know of no principle of law or equity which will permit the defendant to hold the trust funds coming to her possession as stated in the complaint.

A further objection is, that the action is barred by the statute of limitations. The record fails to sustain that objection.

When the trust deed was executed, the plaintiff was under disability; and it does not appear that this action was commenced more than a year after he became of age.

The order overruling the demurrer must be affirmed.

*By the Court.* — Order affirmed.