## SUPREME COURT.

Louis C. Hauenstein, as general guardian of Louisa Kull, agt. Barbara Kull, John P. Holler and Henry Wolff.

*Pleading — demurrer to complaint — action by general guardian on an administratrix's bond — Parties — Presumptions.*

An action may be maintained by a general guardian in his own name to recover a debt due to his ward.

Where the decree of a surrogate directed an administratrix to pay to the plaintiff, as general guardian of their infants, a certain sum "for each of said infants, as the distributive shares," of each of them:

*Held*, upon demurrer to the complaint, in an action brought by the general guardian of one of the infants for her separate share, that the other infants were not necessary parties to the suit, and that a separate suit might be brought for each share.

When a public officer performs a specific act in pursuance of a statute, it must be presumed to have been done for the purposes of the act, and in pleading it is sufficient to aver the performance of the act.

Thus, where a bond given by an administratrix, was ordered by the surrogate to be assigned to the general guardian, under the statute, the presumption is, that it was directed to be assigned for the purpose of being prosecuted.

*Special Term, February,* 1880.

Demurrer to complaint.

*Peters & Lyon,* for the demurrer.

*Frank & Weiss,* opposed.

VAN VORST, *J.*— The action is brought on an administratrix's bond, executed by the defendant Kull as principal, and the other defendants as sureties, to recover a sum of money decreed by the surrogate of New York, to be paid by the administratrix to the plaintiff as general guardian.

The first ground of demurrer taken is, that the plaintiff has no legal capacity to sue, he not being the real party in interest, and because he is the general guardian, and not the guardian, *ad litem,* of Louisa Kull, named in the title of the action.

The decree of the surrogate was, that the administratrix should pay to the plaintiff, as general guardian of the three infants named in the complaint, a sum of money for each infant. The decree not having been complied with, and the proper steps having been taken to authorize a suit on the bond, it is clear that the action can be maintained by the plaintiff, the person to whom, as general guardian, the money was ordered to be paid.

*Thomas* agt. *Bennett* (56 *Barb.*, 197) is a direct authority in support of an action by a general guardian, in his own name, to recover a debt due to his ward (*See, also, Segelken* agt. *Meyer,* 14 *Hun,* 593). This ground of demurrer is, therefore, not well taken.

Another ground of demurrer is, that there is a defect of parties plaintiff, through the omission of Sophia Kull and Lena Kull, in whose favor the decree is alleged to have been made in part, and for whose benefit distributive shares were directed by the decree to be paid to Louis C. Hauenstein, as their general guardian.

The decree directs the administratrix to pay to the plaintiff, as general guardian of Sophia Kull, Louisa Kull and Lena Kull, a certain sum "for each of said infants, next of kin, as the distributive share of each of said infants."

Had the direction been to pay to the general guardian for

the infants jointly, and not separately, a sum of money, the point would be well taken, but, as it is, the objection is groundless.   Where the interests of legatees, or distributees, have been ascertained and fixed, by some competent proceeding, and the aliquot share of each determined, separate suits may be maintained on the behalf of each for the recovery of his share (*The General Mutual Insurance Co.* agt. *Benson,* 5 *Duer,* 168 ; *Ponce* agt. *Hathaway,* 43 *Barb.,* 214 ; *Hitchcock* agt. *Linsley,* 17 *Hun,* 556).

Another ground of objection is, that the complaint does not allege that the bond of the administratrix was assigned by the surrogate to the general guardian " for the purpose of being prosecuted."

There are two modes prescribed by statute for the prosecution of an executor's or administrator's bond, one by order of the surrogate directing the prosecution immediately after making the decree and the refusal or omission to obey it. The other by filing a certificate or transcript of the decree, the issuing of an execution thereon, and the assignment of the bond on the return of the execution unsatisfied (*Laws of* 1837, *chap.* 460, *secs.* 63, 64, 65 ; *Laws of* 1844, *chap.* 104, *secs.* 2, 4).

The complaint shows clearly enough that all the steps preliminary to an assignment have been taken, and it also alleges the assignment.

The surrogate had power under the statute to assign for the purposes of prosecution only.   When a public officer performs a specific act in pursuance of a statute, it must be presumed to have been done for the purposes of the act.   There is no implication that it was done for any other purpose. And in pleading it is sufficient to aver the performance of the act.   If the bond was assigned for any purpose other than that mentioned in the statute, the objection, not appearing upon the face of the complaint, must be taken by answer.

The demurrer must be overruled, with liberty to the defendants to answer on payment of cost.

The objection that three separate actions may be brought, when one would be sufficient, cannot be considered here. The right to bring this action seems to me clear. If other suits are brought in behalf of the other distributees, and if it be proper to do so, the court will consolidate them. But it is not necessary to pass upon that question absolutely at this time.