# BRYAN *v.* MAY.

EQUITY PLEADING AND PRACTICE; CREDITOR'S BILLS; PARTIES;
SEQUESTRATION.

1. The devisees other than the one whose interest is sought to be reached are not necessary parties to a creditor's bill to reach and subject to satisfaction of a judgment at law the interest of one of the devisees under a will appointing him as co-trustee with the testator's widow, who is also executrix, and which directs that a certain portion of the rents, issues and profits of the trust fund shall be distributed among the devisees named, including himself.

2. The co-trustee under such will is, however, a necessary party defendant; and failure to join her as such will render the suit fatally defective.

3. The difficulty in the way of arriving at the value of and realizing a just and adequate price for the equitable interest of a judgment debtor in lands devised, subject to certain contingencies named in the will, is not a ground for refusing to decree the sale of such interest; but a court of equity will be reluctant to decree a sale under such circumstances where another satisfactory remedy may be found for the creditor's relief.

4. Where, therefore, a judgment debt may be satisfied within a reasonable time by means of sequestration of the judgment debtor's portion of the revenues of an estate under a devise of property in trust for the distribution of the rents and profits between the debtor and the other devisees, such means should be resorted to until exhausted or shown to be unavailable before pressing for a decree of sale of his interest.

5. One to whom a judgment debtor conveys his equitable interest in an estate under a will to indemnify her against any loss she may incur as surety on an appeal bond in which the debtor is principal, is not a necessary party to a creditor's bill praying a sale of the debtor's interest subject to the rights of the surety.

No. 593.  Submitted October 23, 1896.  Decided November 3, 1896.

HEARING on an appeal by complainant from a decree dismissing a creditor's bill to subject an equitable interest of defendant under a will to satisfaction of a judgment at law. *Modified and affirmed.*

The COURT in its opinion stated the case as follows:

The appellant, Charles C. Bryan, filed a creditor's bill against the appellee, William May, to obtain satisfaction of a judgment, and appeals from a decree of dismissal upon a demurrer thereto.

His bill alleges: (1) That plaintiff recovered a judgment against defendant on June 5, 1895, in the Supreme Court of the District of Columbia, for the sum of $345.65, with interest from November 2, 1893, which remains unpaid, and upon which execution has been returned unsatisfied. (2) Defendant is an heir at law and devisee of John F. May, who died in the said District May 1, 1891, seized and possessed of a large amount of valuable real estate, situated therein, and which is described. (3) Said John F. May left a will and codicil, which have been probated; and copies of the same, with orders of probate, are made exhibits to the bill. By the said will the testator devised and bequeathed all of his estate to his wife, Sarah Maria May, subject to the trusts subsequently provided, to have and hold, to collect rents, revenues, etc. He then gives her, absolutely, one-third of his personal estate, and for life one-third of all the rents and revenues of his estate, together with the house and lot where he resided. Expressing the wish to keep his estate "intact and undivided, in the belief of its increase in value, and especially to insure unto my wife and children a certain income during their lives," he directed "that no division of it shall be made while any of my children are living, and the rents, profits and issues of it, with the exception of the thirds of my wife, shall be applied to the payment of all just debts I may owe at the time of my death, and especially to the canceling of any incumbrance or mortgage that may then exist on any part of my estate." When said debts shall have been paid, said rents, etc., shall be equally divided and paid to his children.

Nothing in said will shall prevent the sale by the trustee of

any part of the estate if clearly manifest that the same shall be greatly for the benefit of his heirs. In event of sale, provision is made for investment of the proceeds. "Should either or any of the said children have married and died and left issue," their shares of the rents shall be used for the support of said issue, and any surplus shall be invested in bonds and turned over to them on attaining lawful age. The said wife is appointed executrix as well as trustee, and relieved from giving bond in either capacity. By the codicil to the said will, the testator appointed his son, the defendant William May, co-trustee with Sarah Maria May, and directed that he should take charge of the real estate (except the dwelling house), manage the same, collect rents, pay taxes, make repairs, &c. For such service he was authorized to retain a commission of five per cent. of the money collected. He was required to render a monthly account of collections and disbursements to said Sarah Maria May, during her life, and after that, to the heirs. Provision for his removal by action of the remaining devisees was made; and he was also excused from giving bond as trustee. (4) That the amount of the mortgages on the real estate left by the said testator is unknown, and discovery is prayed therefor. (5) The rents and revenues collected from said estate by defendant, amount to at least $1,200 per month. (6) By the terms of said will defendant has vested in him an equitable estate in fee subject to the trusts declared in said will. (7) That on May 2, 1895, defendant having given a bond for costs in the Court of Appeals, on an appeal to the Supreme Court of the United States, upon which the American Surety Company became surety, induced Victorine M. Learned to deposit with said company $20,000 of bonds to secure it against loss on said bond; and on May 2, 1895, to save said Learned harmless, conveyed to her his interest in the estate aforesaid. (8) The prayers of the bill are for a sale of defendant's interest in said estate, subject to

the trust in favor of said Learned, and for general relief. The said William May is the only defendant named in the bill.

*Mr. F. P. B. Sands* for the appellant:

Those only are necessary and proper parties who are interested in the particular interest which is the object of this proceeding. Story's Eq. 151*a*. The interest of William May alone is to be affected by the decree sought. No decree is sought and none could be passed in this cause against the other heirs at law, and they cannot properly be made parties to the suit. Id. 231. Tenants in common have several and distinct freeholds, and each is solely and severally seized of his individual share. Co-tenants in common are not necessary parties. Story Eq. Pl., Sec. 393; 7 Johns Ch. 250. The thing and its profits are the same; partition of the profits is partition of the thing. *Salisbury* v. *Phillips,* 1 Salk. 43; *Warner* v. *Baynes,* 6 Munroe, 179.

Those only who have an interest in the object of the suit are ordinarily required to be made parties. *Shields* v. *Barrow,* 17 How. 130; Story Eq. Pl., Sec. 72; Calvert on Parties, Secs. 136–152. Although residuary legatees are interested in the object of a suit by a creditor against the executor to establish a debt against the estate, the establishment of which debt goes, *pro tanto,* in direct diminution of their interest in the residue, yet they are never made parties. Story Eq. Pl., Sec. 76; Calvert on Parties, Ch. 1, Sec. 1; Wigram on Discovery, 200; *Cameron* v. *McRoberts,* 3 Wheat. 591.

Where a person is entitled to an aliquot portion of an ascertained sum in the hands of trustees, the *co-cestuis que trust* are not necessary parties. *Perry* v. *Knott,* 5 Beav. 293; *Smith* v. *Snow,* 3 Mad. 10; Story Eq. Pl., Secs. 207, 212.

*Mr. John Ridout* and *Mr. Edward A. Newman* for the appellee:

1. The widow, children, and beneficiaries named in the will of the testator are necessary parties to this suit.  Pomeroy Equity Jurisprudence, Sec. 114.  The allegation of the bill that the appellee took an equitable estate in fee in said lands of the testator, subject to the trusts and power of sale contained in said will, is a question in which the beneficiaries therein mentioned are vitally concerned, and they have a right to be heard in respect thereof, and should have been made parties.  The trustees and the *cestuis que trusts* in the unsatisfied mortgages on the lands of said testator ought also to have been made parties and their rights established. The grantee in the deed of conveyance from the appellee, to indemnify her against loss by reason of the deposit of securities to protect the surety on the appeal bond, was also clearly a necessary party to this cause.

2. The doctrine recognized by the learned justice below in sustaining the demurrer, is inherent in equity jurisprudence and its recognition and enforcement is the highest recommendation for the existence and development of that system of jurisprudence.  The Supreme Court of the United States, in an early case, which has always been followed, and is so strongly fortified by principle that it will never be overruled, says: "A court of equity will not decree the sale of property until the rights of all persons interested therein have been ascertained to such extent that a purchaser may know what he is buying.  It will require that all necessary parties be brought in for this purpose.  It has means of reducing every right to certainty and precision, and is therefore bound to employ these means in the exercise of its jurisdiction.  Its decrees should terminate and not instigate litigation." *Caldwell* v. *Taggart*, 4 Pet. 190. See also *Story* v. *Livingston*, 13 Pet. 375; *Ribon* v. *Railroad Co.*, 16 Wallace, 451; *Life Ins. Co.* v. *Grant*, 3 MacA. 46.

Mr. Justice SHEPARD delivered the opinion of the Court :

Whilst the general rule in respect of the necessary parties to a suit in equity is well established and understood, difficulties constantly occur in its application to the facts alleged and the relief prayed in particular cases. One of these difficulties presents itself in this case and in several aspects. In so far as the decree of dismissal may have been founded on the failure of complainant to make the remaining devisees and legatees of John F. May parties to his bill, we are not prepared to give it our approval. Whilst interested in the property and in the rents and revenues that may be collected for distribution as provided in the will, the right of each is to a certain and separate interest or part. The others have no common interest with the defendant in the object of the bill, and it is not seen how, upon the facts alleged, their interests can be affected, in any material sense, by granting the relief prayed against the defendant. Persons so situated are not indispensable parties. Story Eq. Pl., Secs. 72, 207, 207a, 212 ; Adams Eq., p. 315 ; *Shields* v. *Barrow,* 17 How. 130, 139 ; *Hubbard* v. *Burrell,* 41 Wis. 365 ; *Wendell* v. *Van Rensaelaer,* 1 John. Ch. 344, 349.

Nor is it apparent to us that the object of the bill necessarily demands a construction of the will, in which others are interested, in such sense as to require that they should be made parties. It seems to be that incidental construction merely, which is involved in many bills of the kind, viz., whether it is reasonably apparent that there is any interest in the defendant upon which a court of equity might operate as prayed.

Without undertaking to construe the will, we think that if the defendant has an equitable interest in the land devised, subject to certain contingencies that are named in the will, there seems to be no sound reason why the same, whatever it may be, should not be sold, if necessary, in satisfaction of the unpaid judgment. The objection that a sale of

such an interest ought not to be decreed because of the difficulties in the way of arriving at its value and realizing a just and adequate price, is without merit.   To a like argument, the Master of the Rolls, in *Tyndale* v. *Warre,* 1 Jacobs, 212, made the following reply : " I think that such considerations ought not to weigh ; for the question is, to whom does the property belong ?   It is not the habit of the court to consider the interest of the heir, when opposed to that of the creditors.   They ought to have the fullest remedy.   And upon what principle can the court refuse to give them the benefit of a sale, because another person, whose interest is secondary and entirely subject to theirs, may be benefited by delay."   The Supreme Court of the United States, after quoting the foregoing language, emphasized its approval of the doctrine by adding : " So far from its being proper for a court to hesitate about decreeing the sale of an interest because it is reversionary, we think that the character of the interest affords a stronger reason."   *Burton* v. *Smith,* 13 Pet. 464, 483.

Still, however, on account of the detriment that might be sustained, a court of equity may well be reluctant to decree a sale under such circumstances as long as another and apparently as satisfactory remedy may be found for the creditor's relief.   Therefore, as the bill discloses what is apparently a speedier and more efficacious means for the satisfaction of the judgment, it is not necessary to determine finally whether the defendant has such an interest in the real estate, under the will, as would justify a decree for its sale.   That question may come before us again, in the event of the failure of the other remedy, and will therefore be left open until such time.

The bill shows that the monthly revenues of the estate amount to $1,200, two-thirds of which are for distribution among the children of the testator, provided the mortgages referred to have been paid, a fact which may be reasonably inferred from the lapse of time.   The difficulty with the

bill is that no special relief was prayed in respect of this fund, and the allegations concerning it are vague and general. Those defects, however, are readily curable. Now, with this apparent resource for the satisfaction of the judgment through a sequestration of defendant's portion of the revenues of the estate, within a reasonable time, we think it should be resorted to until exhausted, or shown to be unavailable, before pressing for a decree of sale.

In view of this mode of relief, as well also of the other, the bill was still fatally defective in omitting to join Sarah Maria May, the executrix of the will and co-trustee with defendant of the estate thereunder, as a party defendant. Story Eq. Pl., Secs. 207, 207*a*; 1 Daniell Ch. Pr. 192, 193 and 247.

The fact that the bill was directed substantially to her co-trustee in his own right, and formally only as trustee, emphasized the necessity for making her a party.

As regards the incumbrance of Victorine M. Learned, under the allegations and prayers of the bill, we are of the opinion that she is not a necessary party. In the first place, any liability of defendant to her whatever depends upon a contingency that may never happen. In the second place, the amount of the possible liability is uncertain, for the penalty of the appeal bond is no certain criterion. For both these reasons it could neither be discharged nor provided for, and hence, it was proper for complainant, who does not deny the *bona fides* of the instrument, to pray that the sale might be made subject thereto. *Hagan* v. *Walker*, 14 How. 29, 37; *Jerome* v. *McCarter*, 94 U. S. 734, 736; *Clark* v. *Bradley Company*, 6 App. D. C. 437, 442. If its existence should increase the difficulty of realizing upon the interest, at a judicial sale, the fault is with the defendant, and its result cannot be visited upon the complainant.

For the omission to make the executrix and co-trustee a party, the bill was rightly dismissed, though the same

might well have been without prejudice to the right to begin the proceedings anew.

To subserve the ends of justice, the decree will be modified so as to read as dismissed without prejudice, and, as so modified, affirmed, with costs; and it is so ordered. The complainant will therefore be free to file another bill joining therein the said Sarah Maria May as executrix and trustee, and any other trustee that may have been substituted for William May in the event that the power so to do, conferred by the will, shall have been exercised in the interval. And therein may be retained the prayer for sale, &c., in the event that the remedy against the fund, first to be pursued, should prove insufficient.

What has been said herein above in respect of the necessity of joining the remaining children of John F. May is in application to the facts as they appear in the bill. If there should be any special reason why they ought to be made parties, it may be made to appear by plea.

*Modified and affirmed.*

On November 5, 1896, *Mr. Sands,* on behalf of the appellant, filed a motion for a modification of the decree in this case.

On November 10, 1896, the motion was granted, Mr. Justice SHEPARD delivering the opinion of the Court:

The motion of appellant, entitled a motion for modification of the decree rendered, in so far as it prays that the decree below may be reversed with costs, in order that he may amend his bill, is a motion for a rehearing, and to that extent is overruled.

The court below did not err in dismissing the bill for the want of a necessary party defendant, and as plaintiff did not ask leave to amend, so far as the record shows, he is in no attitude to complain that injustice was done him.

In consideration of the fact, however, that the record does

not show that he was offered the alternative of amendment or dismissal, and specially because of certain equitable circumstances in the case, and the possibility that he might otherwise lose any lien that he may have acquired through his original bill, we will grant the motion to modify or amend our decree. That decree will therefore be amended to the effect that the decree appealed from shall be modified so as to read that plaintiff shall have leave to file an amended bill within ten days, failing in which his bill shall be finally dismissed. As so modified, it is affirmed with costs, and the cause will be remanded to the court below for further proceedings in conformity with this opinion. *It is so ordered.*