Thomson, J.,
delivered the opinion of the court.
The plaintiff in error brought this suit against the defendants in error upon an undertaking in injunction, executed by the latter in the case of The People of the State of' Colorado ex rel. The Bachelor Transportation Company as complainant, against The Wason Toll Road Company and M. Y. B. Wason, Receiver, as defendants, by which they undertook to pay all such costs and damages as should be awarded against the complainant, in case the injunction should be modified or dissolved, in whole or in part. The complaint sets forth that at the time of the execution of the bond, the plaintiff, M. Y. B. Wason was and ever since had been the duly appointed, qualified and acting receiver of The Wason Toll Road Company; that a writ of injunction was issued upon the undertaking on the 8th day of January, 1894, which was forthwith served upon the plaintiff, and continued in full force until the 25th day of January, 1894, when it was dissolved in its entirety; that by the injunction the plaintiff as receiver was restrained and enjoined from the collection of tolls upon the toll road belonging to The Wason Toll Road Company, from the time of service of the writ, to the time *543 of the dissolution of the injunction, to his damage $375; that he was compelled to, and did, employ counsel to procure the dissolution of the injunction at a cost of $250 ; and that he incurred other expenses necessitated by the injunction to the amount of $50.00.
The defendants demurred to the complaint upon the alleged grounds, first, that the plaintiff had no legal capacity to sue; second, that the complaint did not state facts sufficient to constitute a cause of action; third, that the complaint was ambiguous, unintelligible and uncertain; and,fourth, that there was a defect of parties plaintiff.
Frank W. Wheeler, one of the defendants, filed a separate demurrer, alleging as cause that the complaint did not state facts sufficient to constitute a cause of action against him. The court entered an order sustaining both demurrers on the ground that the complaint was defective in not showing “ in what court, in what cause, and at what time, the plaintiff was appointed receiver, and his qualifications as such receiver,” and in failing to show that leave of court had been obtained to bring this suit. As to all other grounds the demurrer was overruled. There was judgment upon the demurrer, and the plaintiff assigns error, and the defendants cross error, upon the rulings.
We think the court erred in sustaining the demurrer upon any grounds whatever. It is without doubt true, generally, that a receiver has no authority to bring a suit for the recovery of property belonging to the estate or for the collection of demands due to it, without first obtaining leave of the court appointing him. And in an action brought by him in his official capacity, he must set forth in his complaint the facts of his appointment and qualification, in a traversable form. It is sufficient, however, if these facts be stated in general terms. Rockwell v. Merwin, 45 N. Y. 166. We think the allegation that the plaintiff was duly appointed and qualified sufficient for the purposes of this suit. At least the complaint was not demurrable for want of particularity in the statement. If the defendants were of the opinion that it was *544 not definite and certain enough, the objection should have been taken by motion. But we do not think that the defendants are in a position to question the plaintiff’s authority, or that, in view of the facts set forth, an allegation of leave of court to commence an action on this undertaking was necessary. The averments of the complaint are admitted by the demurrer. From them it appears that the plaintiff had been appointed receiver of The Wason Toll Road Company; that after his appointment an action was instituted in the name of The People of the State of Colorado on the relation of the defendant, The Bachelor Transportation Company, against the plaintiff as receiver, in which The Wason Toll Road Company, of which he was receiver, was joined with him as co-defendant. In that action the undertaking in suit was given, and the issuance procured of a writ of injunction against the plaintiff, as receiver, by which he was prevented from collecting moneys arising from the use by the public of the toll road, for a period of about seventeen days. Without the undertaking, the writ could not have issued. By the undertaking the defendants obligated themselves to pay to the plaintiff as receiver, and to the company of which he was the receiver, the damages resulting from the injunction if it should be dissolved. He was brought into court as receiver, the undertaking was executed to him as receiver, and he was enjoined as receiver, from collecting moneys due the insolvent estate. These facts, we think, preclude the defendants from raising any question concerning his appointment or qualification.
What allegation of leave of court to sue should he have made ? This action is not for the recovery of property or money belonging to the Toll Road Company before plaintiff’s appointment. The tolls of which the plaintiff was deprived accrued to, and were receivable by, him while he was in charge of the toll road as receiver. The Bachelor Transportation Company procured the process of the court to prevent him from receiving them. He appeared in court to defend against the Transportation Company’s suit, and in *545 consequence of his defense the injunction was dissolved. Without the right to bring suit upon the bond, his victory was a barren one, — the judgment of dissolution was of no value. This action is, in a certain sense, a continuation of the other. Its purpose is to realize the money to which his judgment of dissolution entitled him, — in other words, to make that judgment effective ; and the authority by which he appeared and procured the judgment of dissolution in that action extends to all subsequent proceedings which have for their object the enforcement of any legal remedy upon his judgment.
In Singerly v. Fox, 75 Pa. St. 112, it was held that no leave of court was necessary to enable a receiver to recover the value of goods sold by him as receiver. The reason given for the decision was that the money was due to him as the price of goods which had come into his possession, and which he had sold by order of the court. He had authority to make the sale, and by the same authority he could sue for the proceeds. In this case the tolls which were lost were due to the plaintiff as receiver in possession of the road ; the undertaking was given to indemnify him against the loss, and, upon the principle of the Pennsylvania decision, if he was authorized to appear to the action, he needed no further authority to assert the right which his judgment gave him against the sureties upon the undertaking.
In Scott v. Dunscombe, 49 Barb. 73, the plaintiff, as receiver, appointed in supplementary proceedings, of the property of a judgment debtor, brought suit to set aside certain fraudulent transfers of property made by the debtor. One of the defendants, Caroline C. Hatch, put in a demurrer, which, on motion, was stricken out as frivolous; and she, on applying to the court to put in an answer, was allowed to do so upon the execution by her of a bond with sureties that if the plaintiff recovered judgment against her she would obey the judgment. The bond was given, and the plaintiff recovered judgment against her. At the trial of the suit upon the bond the defendant objected to the evidence of leave by the court *546 to commence the action, and to the evidence of the plaintiff’s appointment as receiver. Sutherland, J., in delivering the opinion of the court, said: “ It appears on the face of the bond upon which this action was brought that it was executed to the plaintiff as receiver, etc., and considering this, and the circumstances under which the bond was executed, I think its execution must be deemed an admission by the obligors, not only that the plaintiff had been duly appointed receiver, but also that the receiver was authorized to bring the action mentioned in the condition of the bond.” The principle of this decision is well established, and applies exactly to the case at bar, although we think the circumstances of this case, independent of any doctrine of admission or of estoppel, dispensed with the necessity of special leave of court to bring the suit.
It is contended that the undertaking was for the payment of the damages to the Toll Road Company and to the plaintiff as its receiver, that company should have been joined with Wason as coplaintiff, and that by reason of the action having been brought by the plaintiff alone, there was a fatal defect of parties plaintiff. The injunction restrained the plaintiff from collecting the tolls. The record does not advise us of the nature of the action in which the injunction was ordered, but the injunction seems to have operated on the plaintiff alone. Indeed, it could not very well affect the Toll Road Company, unless indirectly, because its effects were in the hands of the plaintiff as its receiver. In so far as these tolls were concerned, the plaintiff was entitled to them in his representative capacity, and the' damages sustained in their loss were sustained by him in that capacity. But the Toll Road Company is a party to this suit through the plaintiff as its representative. He did not bring the suit in his own behalf, and considering his legal right to the money of which he was deprived by the injunction, and the capacity in which he was • entitled to it, an appearance by The Wason Toll Road Company as plaintiff, except through *547 him, as an officer of the court in charge of its assets, would, we think, have been improper.
But counsel goes still farthei’, and contends that The Wason Toll Road Company was the only proper plaintiff, and that the receiver could bring the action only in the name of that company. There is a line of cases holding that, in the absence of statutes to the contrary, in suits affecting the property of the estate, the receiver must proceed in the name of the corporation or party over whose effects he is appointed receiver. There is another line of authorities holding an opposite doctrine. But the case in which it has been held that the receiver could not maintain an action in his own name were, for the most part, cases where the legal right existed in his principal before his appointment. See King v. Curtis, 24 Wis. 627 ; Battle v. Davis, 66 N. C. 252; Freeman v. Winchester, 10 Smedes & Mar. 577; Yeager v. Wallace, 44 Pa. St. 294; High on Injunctions, sec. 209.
In Yeager v. Wallace, a distinction is taken between cases in which the possession of the property had never passed to the receiver, and those in which it had come within his control; and the same court, in Singerly v. Fox, supra, decided that in cases of the latter class, suits were properly maintainable in the name of the receiver. In this case not only had the property passed into the possession of the receiver, but the moneys which he was prevented from receiving were-moneys which accrued after his appointment and possession, and which -were payable, not to the Toll Road Company, but solely to him as receiver. In his representative capacity he was the real party in interest, the suit could be brought and maintained only in his name, and a joinder of the Toll Road Company as a coplaintiff would have been improper.
The remaining objection argued is that the suit cannot be maintained against the sureties alone. The undertaking was to pay all such costs and damages as should be awarded against the complainant. It is not necessary that a judgment shall be obtained against the principal first; but principal and surety may be sued together, and at the trial damages *548 may be assessed and awarded against both. Section 161, Civil Code. Counsel says that the principal was not made a codefendant, and hence, there being no right of action against the sureties alone, the complaint is fatally defective. Counsel does not so state, but we infer that the objection is based upon the supposition that The People of the State of Colorado was the principal, or complainant, in the suit in which the injunction issued. The People of the State of Colorado was, it is true, the nominal plaintiff; but the real complainant was the relator, The Bachelor Transportation Company. The suit was commenced in its behalf, it moved the court, it furnished the undertaking, and if the action had been successful it; presumably, would have reaped the benefit. It, and not the nominal plaintiff, was the principal within the meaning of the law; we find its name subscribed to the undertaking, and it is one of the defendants in this action. It is alleged in the complaint that by means of the undertaking, executed by the defendants, the plaintiff as representative of the Toll Road Company, sustained a loss; and if there is any reason why they should not be compelled to make it good, or if they have any valid defense to the suit, the facts absolving them from liability must be shown by answer.
The judgment is reversed, with direction to the lower court to overrule the demurrer and permit the defendant to answer.

Reversed.