[No. 2077.]

AUSTIN v. SNIDER ET AL.

1. **Appeal Bonds—Action Upon—Parties—Several Damage—Injunction Bonds.**

Where an appeal bond is made payable to several appellees and any one of the appellees sustains damage through the taking of the appeal, even though such damage is several, such appellee may maintain a several action upon the bond therefor. And the same principle applies to an action upon an injunction bond.

2. **Same.**

Where an appeal bond and an injunction bond were made payable to plaintiff and two other appellees one of whom was sued only as receiver, and whatever interest the receiver had was held for the benefit of plaintiff, and before action was commenced on the bonds said receiver was by the court discharged, and pending the appeal the other payee in the bonds died, leaving plaintiff his sole heir at law, and no reason existed for the appointment of an administrator for the deceased payee and none was appointed, plaintiff was the only party interested in the recovery of damages upon said bonds and could maintain a several action thereon.

*Appeal from the District Court of El Paso County.*

Mr. CHAS. F. POTTER and Mr. R. T. McNEAL, for appellant.

Mr. ARTHUR CORNFORTH and Messrs. GUNNELL & HAMLIN, for appellees.

GUNTER, J.

December, 1892, appellant, as devisee of Rose Rinehart, was entitled by the judgment of the district court to the possession, jointly with Geo. W. Snider, of Manitou grand caverns, together with the payment

of a certain sum from Leddy, receiver, one-half of the proceeds from the exhibition thereof. On said date Snider filed his complaint in said district court against appellant as such devisee, and Charles Rinehart in his own right, and as administrator of said Rose Rinehart, and said Leddy as such receiver, and obtained an injunction restraining appellant and Charles Rinehart from enforcing said judgment, and Leddy from paying over to plaintiff the moneys in his hands as such receiver, which injunction was, December, 1893, dissolved by the decree of said court, and the complaint dismissed at the cost of said Snider. From which judgment he appealed to the supreme court, and executed with other defendants herein an appeal bond payable to appellant and her codefendants in said action conditioned, "If the said George W. Snider shall duly prosecute said appeal and pay the amount of said judgment, costs, interest and damages rendered, and to be rendered, against him in case the said judgment shall be affirmed, or said appeal dismissed, then the above obligation to be null and void, otherwise to remain in full force." The judgment appealed from was affirmed January 7, 1895.

The first cause of action of appellant's complaint herein is upon said appeal bond, wherein it is alleged she was damaged by such appeal in being deprived of the use of the moneys in the hands of the receiver at the time of said appeal, and of moneys which came into his hands pending the same, and that by reason of said appeal she was required to and did pay a certain sum to said receiver for his services and expenses, and that she was further damaged by the failure of Snider to pay certain costs awarded appellant in said district court proceeding, and on the affirmance by the supreme court.

It further appears that pending the appeal in

which the bond sued on was given Charles Rinehart
died, leaving appellant his only heir at law; that no
administration has been had on his estate; that no
debts exist against his estate, and that no debts were
proven or ever existed against Rose Rinehart. Pend-
ing the appeal to the supreme court said Snider filed
a petition therein for an injunction against appel-
lant, Charles Rinehart, and said Leddy, forbidding
further proceedings in said cause until said appeal
should be determined. Such writ was ordered and
bond given by Snider signed by himself and his co-
appellees conditioned for the payment of all costs
and damages awarded against him in case said in-
junction should be modified or dissolved.

The second cause of action herein is upon last-
mentioned bond, and it is alleged that appellant has
sustained damage in being deprived of the use of the
funds in the hands of said receiver, and in a sum
which she has been compelled to pay, and did pay,
said receiver for his services and expenses pending
the appeal, and in a further sum expended in em-
ployment of counsel to secure a dissolution of the in-
junction, and for certain other expenses in the nature
of costs connected with the appeal.

The present suit was instituted April, 1897; long
prior thereto said receiver had been discharged.
With the elimination, by death, of Charles Rinehart,
and by discharge of the court of receiver Leddy, at
the date of the institution of this suit appellant was
the only party interested in the recovery of damages
upon said bonds.

The above facts appear explicitly from the com-
plaint, except the discharge of receiver Leddy prior
to the institution of this action. The general aver-
ments of the complaint, aided by the fact that this
discharge was at the trial proven without objection,

·justify us in considering the discharge as specifically alleged in the complaint.

Appellees contend that the complaint does not state a cause of action in this; that the bonds therein set out showed a joint right of action in favor of the obligees therein, but not a several cause of action in .favor of this appellant.

The purpose of the law in exacting the appeal bond sued upon in the first cause of action herein was to secure protection to appellees, and each of them, in the suit in which the appeal bond was given against any damage sustained by them, or any one or more of them, through the taking of the .appeal. Such having been the purpose, if any one of such appellees sustained damage through the taking of the appeal, even though such damage was several, such appellee should be permitted to recover upon such bond. At the time of the giving of such bond appellant herein, as devisee and legatee of Rose Rinehart, was the equitable owner of the funds in the hands of the receiver subject to any claims thereon of Charles Rinehart in his personal capacity, and in his capacity as administrator with will annexed of Rose Rinehart. Over three years prior to the institution of this suit Charles Rinehart died; whatever interest, if any, he had held in the bond or the funds in the hands of the receiver had passed to appellant herein. Whatever interest Leddy had when such appeal bond was given in funds in his hands as receiver was as trustee for the beneficial owner, appellant herein. Two years before the institution of·this suit Leddy, as receiver, had been discharged. If any damage was sustained through the appeal by preventing the receiver paying over the funds in his hands belonging to appellant such damage was the indvidual damage of appellant. Any sums paid the receiver for his services and expenses pending the appeal, recoverable on the bond,

constituted damage individual in its character to appellant.   The costs in the trial court and the supreme court necessary in the prosecution of the said cause paid by appellant herein were her individual damage. No one other than appellant has any interest in the damages mentioned which she seeks to recover in her second cause of action upon the injunction bond.   In suing for such damages in her own name she is the real party in interest which satisfies the requirement of the code.   Why should Leddy, over two years discharged as receiver at the time of the institution of this suit, be made a party plaintiff when he has no interest whatever therein?   There is no valid reason for any other party plaintiff than appellant.   The authorities sustain this conclusion.

*Lally v. Wise,* 28 Calif. 539, was an action upon an injunction bond.   This bond had been given in a suit wherein there were several defendants; the bond ran to these defendants; the suit thereon was by one of such defendants who alone sustained damage through the issuance of the injunction; it was urged that there existed a defect of parties plaintiff.   The holding was, that as the plaintiff sustained the damage severally he was the real party in interest and the proper plaintiff.

*Alexander et al. v. Jacoby et al.,* 23 Ohio St. 358, was upon an attachment undertaking.   The undertaking had been given by a plaintiff in an attachment suit wherein there were three defendants in their individual capacities; the undertaking ran to such three defendants.   Goods owned by two of the defendants as copartners were wrongfully levied upon under the writ; such two copartners in their copartnership capacity sued to recover damages on such undertaking.   It was contended that the undertaking was as to the three obligees a joint undertaking and that the action would not lie in favor of such copart-

ners even though the damage sustained had been solely by the copartnership. It was held the action would lie and the court said: "The undertaking is executed to any or all the defendants in the action, at the option of the plaintiff, and not by the consent of the obligees. The order of attachment may be levied upon the separate property of the defendants as well as upon their joint property. It may be dismissed as to some, and enforced against other defendants, and on the final trial of the action, judgment may be given for some and against others. It seems to us, therefore, that as the injury, against which the undertaking was intended to indemnify, may be several as well as joint, that the right of action thereon must also be several as well as joint. And as the general rule of the code is, that, 'every action must be prosecuted in the name of the real party in interest,' we are of the opinion that in actions on such undertakings those obligees, and only those, who have an interest in the damages sought to be recovered, must be joined as plaintiffs or made parties to the suit."

*Wason v. Frank,* 7 Colo. App. 541, 44 Pac. 378, was upon an injunction bond. Wason toll road company was in the hands of a receiver, Wason. Suit was instituted against the receiver and the company, and an injunction obtained restraining from the collection of tolls pending the action. The undertaking ran to the company, and to Wason as receiver thereof. Wason as receiver sued upon the bond. It was objected that his company should have been joined as a coplaintiff. The court held that as Wason in his capacity as receiver alone sustained damage, he was the real party in interest and the proper party plaintiff. (See also Pomeroy's Code Remedies, 3d ed., § 29, p. 282.)—*Fowler v. Frisbie,* 37 Calif. 34; *Hubbard v. Burwell,* 41 Wis. 365.

It would serve no purpose to review the cases

cited by appellees,—the authorities have been examined. In our judgment the appellant was the real party in interest and a cause of action in her favor was stated upon the bond sued on. The same principles apply to the bond sued upon in the second cause of action. The judgment of the trial court that the complaint did not state a cause of action was error.

Judgment reversed.          · <em>Reversed.</em>