WATERHOUSE v. CHURCHILL, ADMINISTRATOR.

Estates of Decedents—Distribution by Heirs—Administrators.

If a decedent has no creditors the heirs may distribute the estate without the appointment of an administrator. And where a decedent left no debts and no estate except some money, and the heirs, all being of age, agreed amongst themselves as to the distribution of the money, and one of the heirs who agreed to the distribution afterwards died, her heirs could not object to the distribution and no cause existed for the appointment of an administrator.

*Error to the County Court of Weld County.*

Messrs. GARRIGUES & SMITH, for plaintiff in error.

Mr. H. E. CHURCHILL, *pro se,* defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

Sarah R. Waterhouse, late of Weld county, departed this life on or about the 9th day of January, 1896, and left surviving her as her only heirs at law Sarah Day, Clara Goodin, Mary Day, Emma Waterhouse, and Frank Waterhouse, her children. Clara Goodin, a daughter of Sarah Waterhouse, died on February 6th, 1897, leaving surviving her four minor children and her husband as her sole heirs at law. H. E. Churchill, having been appointed guardian for said minor children, was. appointed administrator of the estate of Sarah R. Waterhouse upon the petition of William M. Goodin, the husband of said deceased, on the 16th of April, 1900. In November following, the administrator filed his petition in the county court of Weld county, duly verified, alleging that Frank Waterhouse, residing in said county, has now in his possession and under his control, and has concealed certain goods, chattels, moneys, credits, books of ac-

count, notes, mortgages, choses in action, papers, and evidences of indebtedness belonging to said estate; that he had made demand on said Waterhouse for said property and that said Waterhouse has failed and neglected to turn over any of the said property or effects to the said administrator. Thereafter citation was issued, and upon the return day a hearing was had and testimony was taken. The respondent only was examined at the hearing. He testified that at the time of the death of Sarah Waterhouse she had the sum of $350.00 in money; that he and his sister Emma were living in Weld county at the time of her death; that Emma took charge of the money after her mother's death, and that the money had been used in settling the funeral expenses, doctor bills, drug bills, and in erecting a monument at the grave; that there was no administration; that the undertaker was paid one hundred dollars, the physician sixty dollars, and that two hundred and forty dollars was used in the erection of a monument. That Clara Goodin and all the heirs agreed that the tombstone should be paid for out of this money; that all the heirs were present at the agreement except the one in Kansas, and she was written to about it at the time; that Clara Goodin was present and helped select the monument. No other testimony was taken. At the conclusion of the hearing, the court entered a judgment requiring the respondent to pay into the registry of the court the sum of $350.00.

The case comes here by writ of error.

The sole question for our determination is whether or not money belonging to a decedent can be disposed of in the manner shown by the testimony, without the appointment of an administrator. We are of opinion that it was not necessary, under the facts as shown to exist, that an administrator of the estate of Sarah Waterhouse should have been ap-

pointed. The testimony shows that there were no creditors of Sarah Waterhouse, and that her heirs agreed that the money left by her should be used in the payment of her funeral expenses and for the erection of the monument at her grave. No person who had entered into such an agreement could recover in any proceeding his portion of the money so expended. The deceased, Clara Goodin, having consented to such distribution, she nor her heirs can complain; and it is only in cases where creditors' rights have been infringed or the rights of heirs have been defeated that administration under such circumstances is necessary. There is no creditor here complaining, and the only testimony we have shows that there were no creditors to complain. There being no person who has been injured in any way by the distribution of the money, we are of opinion that there was no necessity for the appointment of an administrator of the estate of Sarah Waterhouse, and that the distribution of her estate by the heirs, pursuant to mutual agreement, was valid and binding.

It is stated by Woerner in his work on Administration, § 201, that "The rights of creditors to the assets of a deceased person is the principal reason for requiring official administration, and courts, therefore, sanction the disposition of the property of a decedent without the appointment of an administrator where it is certain that no debts are owing."

And in Horner's Probate Law, § 157, that author says: "Administration of intestate estates is not always necessary; and where it is possible to settle an estate without administration of course it is desirable that it be done. But there are few cases in which such a course is absolutely safe. However, it is competent for all the heirs of a deceased person, if they are of age, to settle and pay the debts of the deceased, and divide the property amongst

themselves without the intervention of an administrator, and neither the creditors nor the debtors of the estate have a right to complain."

We are of opinion that the court erred in granting letters of administration in this instance and that the letters so granted are of no avail, that there were no assets of the deceased at the time of the appointment of the administrator to administer upon, and that the respondent should have been discharged.

Judgment reversed and remanded.

*Reversed.*