[No. 4376.]

THE CITY OF PUEBLO V. TIMBERS.

1. **Appellate Practice—Abstract of Record—Excessive Damage—Evidence.**

In an action for damage for personal injuries, an assignment of errors that the verdict is excessive is not entitled to any consideration where the evidence bearing upon the extent and nature of plaintiff's injuries is not set out in the abstract.

2. **Appellate Practice—Instructions—Exceptions.**

Where instructions were separately numbered, an exception saved as follows: "Defendant excepts to the giving of each and every instruction, save and except No. 1," is sufficient to present for review such numbered instructions as contain but one legal proposition, but is insufficient to entitle appellant to be heard as to such instructions as contain more than one legal proposition, one of which is right and the other or others wrong.

3. **Same—Measure of Damages.**

In an action for damages for personal injuries an instruction which tells the jury that in estimating plaintiff's damages they may take into consideration his suffering in body and mind, and also tells the jury that plaintiff can recover only compensatory

damages, contains two distinct propositions of law, the latter of which is correct, and a general exception does not entitle appellant to raise in the appellate court the specific objection that the instruction relating to mental suffering is erroneous.

4.  Same.

An instruction stating the measure of damages if plaintiff's injuries are permanent, also the measure if they are only temporary, contains two distinct legal propositions and will not be reviewed on a general exception.

*Appeal from the District Court of Pueblo County.*

Mr. M. J. GALLIGAN, for appellant.

Mr. ALBERT L. MURRAY, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Action in damages by Charles Timbers against the city of Pueblo for personal injuries. From a judgment in plaintiff's favor for $2,750, defendant appeals. Plaintiff fell into an excavation in one of the public streets in the city of Pueblo which, according to the uncontradicted evidence, had been negligently allowed by defendant to remain therein for an unreasonable length of time without any protection. At the trial the only contested question, and the one to which the instructions were confined, was the amount of the recovery, and the only errors assigned and argued are based on the giving of certain instructions. It is true that appellant asserts that the verdict was too large, but its counsel does not point out wherein it is excessive. And as the evidence bearing upon the extent and nature of plaintiff's injuries is not set out in the abstract, we do not consider this assignment entitled to any consideration.

The instructions were separately numbered, and the only exception saved was: "Defendant excepts to the giving of each and every instruction, save and

except No. 1.'' If each numbered instruction con-
tains but one legal proposition, this exception is good,
as frequently declared by this court. But if any one
instruction contains two or more independent propo-
sitions, one of which is right and another or the
others wrong, the general exception directed to the
whole will not entitle an appellant to be heard as to
the latter.

1. For the purpose of the argument appellant
concedes that where mental suffering is an element
of physical pain, or a necessary consequence of it, or
the natural and proximate result of a physical in-
jury, damages for such mental suffering may be re-
covered, citing Sedgwick on Damages (7th ed.), top
page 543. But learned counsel says that such cases
are rare indeed, and that this case presents no fea-
ture that warrants the recovery of damages for
mental suffering. It is also said that not only is
there no allegation in the complaint that plaintiff en-
dured mental suffering, but there is no evidence what-
ever of that sort. Notwithstanding these considera-
tions, appellant contends that in instructions 2 and 4
the court impliedly, at least, told the jury that they
might award to the plaintiff such damages for
mental, as well as physical, suffering as, under the
circumstances of the case, they thought he was en-
titled to.

It seems that one of the injuries which plaintiff
received was a fracture of the collar-bone, and it was
claimed by defendant that his inability to regain the
proper use and strength thereof was due to the fact
of a lack of sufficient exercise during his conva-
lescence; and that neglect to exercise arose from a
mental disinclination to use the arm and shoulder
because of the physical pain which such exercise pro-
duced, and that such physical pain operated as a de-
terrent upon his mind in respect to the exercise. In-

struction No. 4 seems to be directed to this feature of the case, and it does not recognize, either expressly or impliedly, that plaintiff is entitled to recover damages for mental suffering disconnected with physical pain.

2. In instruction No. 2 the court below does say that, among other elements which the jury may consider in estimating damages, they may take into consideration plaintiff's suffering in body and mind, if any, resulting from the injury. If, as appellant contends, there was no evidence of mental suffering, the instruction might be regarded as harmless; but a conclusive reply to its contention is that the instruction contains more than one distinct legal proposition, one of which is that the plaintiff can recover only compensatory damages. This certainly was a correct legal statement, and if defendant had fault to find with another portion of the same instruction relating to mental suffering, it should have specifically called the court's attention to that element at the time so that, if wrong, it might have been eliminated. The exception as preserved does not entitle appellant to raise the point here.

3. In instruction No. 3 the court, in effect, said that if plaintiff's injuries were permanent the amount of damages which he was entitled to receive should be to the extent, taking his expectancy, that they impaired his ability to earn a livelihood and perform his ordinary occupation. In a separate and distinct proposition of the same instruction the jury were told that, if the injury was not permanent, damages should be limited to the extent that the temporary injury impaired such ability. The defendant's exception, as we have already stated, was general. The specific fault now found with this instruction is that the jury were told that if the injuries affected plaintiff's ability to earn a livelihood or to work, then

such impairment constituted a permanent injury, though it existed or continued only for a month, or a series of months, or for a year.

We do not think that the instruction, taken as a whole, is susceptible to this criticism. If it were, still under the rule already announced, defendant may not now avail itself of the error. The instruction contains two distinct propositions, one stating the measure of damages which plaintiff is entitled to receive if his injury is permanent, the other if it is only temporary; and the latter is undoubtedly right.

4. Another objection mentioned is that the court erred in instructing the jury that in arriving at the amount of damages which plaintiff ought to recover, they might take into consideration all the circumstances surrounding the case. Counsel does not say in what the error consists, and we do not feel called upon to speculate about it.

Since the evidence has not been abstracted, and it is conceded that the defendant was negligent and the plaintiff free from fault, and that he suffered injuries, we are justified in presuming that the evidence supports the judgment. We cannot say that it ought to have been different. Indeed, we are satisfied from an examination of the fragmentary record presented that the jury were not misled, and that the instructions, taken together, are right. Let the judgment be affirmed.

*Affirmed.*