[No. 2211.]

THE DENVER JOBBERS ASSOCIATION v. RUMSEY ET AL.

1. **Attachment—Fraud—Instructions—Evidence.**

In an attachment suit where there is no evidence that the defendants fraudulently contracted any part of the indebtedness involved in the suit, the court should not submit such question to the jury.

2. **Estates of Decedents—Loan of Funds—Fraudulent Convey- ance—Consideration—Attachment.**

Where the sole legatees of an estate, consisting of personal property against which there were no debts, the legatees being of age, before any distribution was made authorized the executor to loan the funds belonging to the estate to a partnership com- posed of the executor and another party, the loan created a debt from the partnership to the legatees, that was a sufficient con- sideration to sustain a transfer of the property of the partner- ship to said legatees as against the attaching creditors of the partnership.

*Appeal from the District Court of Arapahoe County.*

Messrs. BICKSLER, McLEAN & BENNETT, for ap- pellant.

Mr. THOMAS W. LIPSCOMB and Mr. JOHN A. DEWEESE, for appellees.

GUNTER, J.

Rumsey & Company, a partnership composed of John G. and James M. Rumsey, and engaged in the grocery business in the city of Denver, sold its assets to W. T. and Eliza Rumsey, son and daughter of John G. Rumsey. Thereupon certain creditors of the firm assigned their claims to The Denver Jobbers As- sociation, which sued thereon and took out an attach- ment in aid of the action. Issue was joined on the al- legations of the attachment affidavit. Defendants had verdict and judgment, and this appeal is by The Denver Jobbers Association to review alleged errors in the attachment proceeding. It is contended that the verdict is contrary to the evidence. There

was but one issue of fact before the jury and that
was:   Did the defendants convey their property with
the intent to defraud their creditors?   Upon this
question the evidence was conflicting.  The verdict
of the jury was not manifestly against the weight
of the evidence, therefore, we are not permitted to
review it.   There was no evidence that defendants
fraudulently contracted any part of the indebted-
ness involved in the suit.   For this reason the court
committed no error in declining to submit such ques-
tion to the jury.   As stated, there was but one ques-
tion of fact for the jury.  This question was clearly
submitted, and under a correct and apt charge found
in instructions numbers 1, 3, 4, 5 and 6.   In truth
the law was given with unnecessary repetition.
There was no prejudicial error in an omission of the
court to charge, or in the charge given.

It is further insisted that no consideration sup-
ported the sale of the assets of the firm to above
vendees.   The facts pertinent are:   An estate con-
sisting of personal property, without debts, W. T.
and Eliza Rumsey, sole legatees, was being adminis-
tered upon by John G. Rumsey as executor.  As such
he had in his possession $4,000; no order of distri-
bution had been made; Rumsey & Company desired
to engage in the above business; in doing so capital
was required; the members of the firm requested of
W. T. and Eliza Rumsey—both of age—a loan of
$3,575 from the funds in the hands of the executor.
This loan they made, Rumsey & Company agreeing
in consideration thereof to pay them the amount
loaned with interest.   The money was used by the
firm in buying out an established business, and in en-
larging it.   As there were no debts against the estate,
a part of which the funds were, no other legatees than
W. T. and Eliza Rumsey, no one except these legatees
interested in the funds in the hands of the executor

from which the loan was to be made, no one could be prejudiced by the loan except these legatees, and under such circumstances no one other than they could question the loan. Had they sued Rumsey & Company upon its express promise to pay the sum so loaned, they could have recovered. Had Rumsey & Company paid them the money so borrowed they could not again have recovered it of the executor under any order of distribution. In effect it would be the same as if the executor had at their request turned over to them the money held by him as such. If acting upon their request he had done so, they, being then of full age and the only parties interested in the fund, would be bound by the payment.

*Waterhouse v. Churchill*, 30 Colo. 415 (70 Pac. 678) in principle is in point. The ancestor died intestate, without debts, leaving an estate in cash. The heirs by agreement expended this cash in the erection of a monument and in discharge of certain expenses attendant upon the last sickness of deceased. Later an administrator of the estate was appointed upon the application of the children of one of the heirs—since deceased—who participated in above agreement of disposition. The administrator attempted to recover from the heir who disposed of the estate as above stated, and a recovery was denied. The court held, that as there were no creditors, no one other than the heirs was interested in the estate; that as these had consented to the disposition of the estate, no one of them was in a position to question the disposition. The following citations are made in the course of the opinion:

"The rights of creditors to the assets of a deceased person is the principal reason for requiring official administration, and courts, therefore, sanction the disposition of the property of a decedent without the appointment of an administrator where it is cer-

tain that no debts are owing.—Woerner on Administration, § 201."

"It is competent for all the heirs of a deceased person if they are of age to settle and pay the debts of a deceased, and divide the property among themselves without the intervention of an administrator, and neither the creditors nor the debtors have a right to complain."

In *Austin v. Snider,* 17 Colo. App. 182 (68 Pac. 125), a legatee sued upon an appeal bond running to her testatrix. An administrator, with will annexed, had been appointed but had died, no successor having been appointed, it was contended that a successor to the administrator should have been appointed, and that by such personal representative only could the action be maintained. It appeared the testatrix had died without debt, leaving plaintiff as her sole legatee, that no one was interested in the estate except the plaintiff. The action was sustained, the court holding that the estate would be bound by the recovery, and that the plaintiff was the real party in interest in the action.—See also *Austin v. Snider,* 17 Colo. App. 176, 68 Pac. 128.

W. T. and Eliza Rumsey in consenting to the executor turning over the funds in his hands to Rumsey & Co., in effect loaned their funds, and such loan was sufficient consideration for the promise to pay made Rumsey & Co. Such promise to pay Rumsey & Co. the $3,575 was a sufficient consideration for the delivery of the assets of Rumsey & Co. to W. T. and Eliza Rumsey.

The judgment below should be affirmed.

*Affirmed.*