[No. 5101.]
[No. 2679 C. A.]

HASSE V. HERRING.

1. **Practice in Civil Actions—Courts—County . Courts—Justices of the Peace—Change of Cause of Action.**

A judgment of the county court affirming an appeal from a judgment of the justice court will not be disturbed on the ground that plaintiff was permitted to change his cause of action in the county court, where the record does not indicate what issue was tried in the justice court.—P. 384.

2. **Same—Courts—Justices of the Peace—Appeal—Trial de Novo —Evidence.**

On appeal from a justice of the peace to the county court, the trial is de novo, and any. competent evidence relating to the same transaction. tried in the justice court is admissible upon the trial in the county court, and an admission of such evidence is not a change of the cause of action.—P. 385.

3. **Appellate Practice—Practice in Civil Actions—Instructions— Objections and Exceptions.**

Where the instructions are in writing, and separately paragraphed and numbered, an exception to the giving of "each and every instruction" is good as to instructions containing but one proposition of law, but it is not sufficient to present an instruction for review where it contains two or more independent and distinct propositions of law, one of which is right and the other or others wrong.—P. 385.

*Appeal from the County Court of El Paso County.*
*Hon. Robert L. Hubbard, Judge.*

Action by Warren Herring against Herman G. Hasse. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Messrs. McKesson & Little, for appellant.

Mr. Robert L. Hubbard, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This suit was commenced before a justice of the peace by appellee Herring against appellant Hasse, whence it was taken on appeal to the county court, where a trial before the court and a jury resulted in a judgment against appellant, from which this appeal.

The controversy grew out of a horse trade.

Plaintiff below contended, that he made an absolute trade with the defendant whereby a bay mare, his property, was exchanged with defendant for a gray mare, two pigs and services rendered.

Defendant contended that the trade or exchange was not absolute but conditional upon the bay mare being all right.

The bay mare was delivered to defendant and shortly thereafter died.

It was developed by the testimony, that both parties knew the animals involved in the trade for a number of years.

Plaintiff's contention was supported by the testimony of three witnesses who were present at the time the trade was made, while the contention of defendant rested upon his testimony alone.

Appellant insists that the cause of action tried in the county court was different from the cause of action tried in the justice court, and that the county court permitted appellee to change his cause of action during the trial in that court.

There is no evidence in the record to indicate what issue was tried in the justice court, and hence it is impossible to determine from the record whether or not this contention of appellant is well founded,

for which reason we must hold that this assignment of error is unsupported by the record.

Appellant further insists that the county court erred in refusing to permit him to introduce testimony to prove that the cause of action tried in the county court was different from that tried in the justice court.

The only offer made by appellant in this behalf was to prove by the plaintiff that upon the trial of the cause in the justice court, no evidence was given to prove the value of the gray mare, and that the issue in the justice court was wholly and solely to recover the value of the bay mare.

The trial in the county court upon an appeal from a justice court is *de novo*. Any competent evidence relating to the same transaction tried in the justice court, is admissible upon the trial in the county court, and the admission of such evidence by the county court, is not a change of the cause of action.

There was no error in the ruling of the court refusing to permit defendant to introduce the testimony offered for the purpose for which it was offered, as stated by him at the time of its offer.

It is further contended by appellant that the court erred in its instructions to the jury.

The only instruction which is called to our attention in the assignment of errors is instruction No. 2.

Following all the instructions given, is this exception: "To the giving of each and every of said instructions said defendant by counsel then and there duly excepted." The instructions given were in writing, separately paragraphed and numbered. The above exception is good when each instruction contains but one legal proposition. When one instruction contains two or more independent and distinct propositions of law, one of which is right and an-

other or the others wrong, a general exception directed to the whole instruction will not entitle a party to be heard as to that portion of the instruction which he deems to be wrong.—*Beals v. Cone,* 27 Colo. 473; *Pueblo v. Timbers,* 31 Colo. 215; *Big Hatchet Co. v. Colvin,* 19 Colo. App. 405.

The instruction complained of states several distinct propositions of law, some of which are manifestly correct. The exception saved was wholly insufficient to direct the attention of the trial court to the error of law complained of, and is also insufficient to present the instruction for review to this court.

It follows that the judgment must be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.