[No. 7441.]

## BURCHMORE v. ANTLERS HOTEL, CO.

1. EVIDENCE—*Relevancy*—Action for an injury occasioned by the collapsing of a chair provided for plaintiff in the dining-room of defendant's hotel, where plaintiff was a guest. There were many chairs in the same room, some like that offered to plaintiff, others of different style, structure, and fashion. The particular defects in the chair provided for plaintiff were not shown. Testimony as to the alleged defective condition of other chairs in the dining-room, and other accidents occurring there prior to plaintiff's injury, was held irrelevant to the issue.

2. INSTRUCTIONS—*Assuming a Fact in Issue.* In an action for an injury attributed to a defective chair negligently provided for plaintiff, a guest in defendant's hotel, an instruction which permitted the jury to find for the plaintiff, if the chair was defective, and defendant "*had it used reasonable care*" would have known of the defect, even though it had no actual notice thereof, is properly refused, because assuming a want of reasonable care on the part of the defendant.

3. ——*Objections and Exceptions To*—The rule prescribed in *Hasse v. Herring*, 36 Colo. 383, has no application to an instruction which contains but one proposition of law, and the objection calls the attention of the court to that particular proposition; nor to a case where each of several instructions contains a single proposition and objection is made to each separately, e. g., where in an action for an injury attributed to the negligence of defendant an inn-keeper, in providing for plaintiff a defective chair, an instruction which imposed upon plaintiff the burden to establish "that defendant invited plaintiff to sit in a chair which was unsafe and out of repair and known to defendant" to be so, prior to the happening of the accident and that the injury was "the natural and probable result of such negligent act of defendant" was held to present only a single proposition, to which a general objection was sufficient.—*France v. Goryot*, 30 Colo. 227, and *National Fuel Co. v. Green*, 50 Colo. 307, distinguished.

4. NEGLIGENCE—*Reasonable Care*—An inn-keeper invites his guest to occupy a chair, which by reason of its defective condition collapses, precipitating the guest to the floor. The inn-keeper is liable if by reasonable care he would have known of the defect, even though he had no actual knowledge thereof.

5. PLEADINGS—*Construed*—Complaint for an injury attributed to the negligence of defendant, an inn-keeper, in providing for plain-

tiff, a guest at his hotel, a defective chair, alleged that the defect was "known to defendant," before and at the time, etc.  *Held,* to admit evidence that the defendant would have known of the defect, if reasonably diligent.

*Error to El Paso District Court.*—Hon. W. S. MORRIS, Judge.

Mr. JOSEPH N. BAXTER, Messrs. VANATTA & DOLPH. and Mr. ROBERT E. HARDING, for plaintiff in error.

Mr. WM. E. HUTTON and Mr. BRUCE McCOY, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an action upon the part of the plaintiff in error, plaintiff below, to recover damage for injuries alleged to have been received while a guest of the Antlers hotel at Colorado Springs, conducted and operated by the defendant corporation. The plaintiff was a resident of the city of Boston, Massachusetts, and was one of a party of about one hundred and seventy-five making a tour across the country. The party, including the plaintiff, stopped at the city of Colorado Springs, and became guests of the said hotel.

Presumably because of so large a party to be cared for at one time, the hotel management provided one of its dining rooms, partially, with certain camp chairs. The plaintiff on the evening of the second day at the hotel, entered the dining room in company with two friends, husband and wife, and were being seated at the same table. The plaintiff while being seated, and while assisted by a waiter, sat down on the chair provided for her, and it immediately collapsed, participating the plaintiff to the floor, causing the injuries alleged to have been sustained. The particular chair in question is described as a folding camp chair, with perforated wood back and seat. The other chairs were as hereinafter stated, and at least a part of them were camp chairs, and presumably of the same description.

The allegation in the complaint as to negligence is that the defendant "neglectful of its duty, carelessly, negligently, knowingly, recklessly, wantonly and maliciously invited the plaintiff to the use of a chair which was unsafe and known to be so by the defendant company."

The answer is a general denial, and also charges contributory negligence. As to what was the character or nature of the defect in the chair used, is not clear, in fact this appears to be purely speculative. The cause was tried to a jury and a verdict returned for the defendant.

The assignments of error are: (a) the refusal of the court to admit certain testimony; (b) the refusal to submit to the jury an instruction tendered by the plaintiff, and (c) the giving of other instructions by the court over the objections of defendant.

The testimony refused was as to the condition of other chairs in the dining room prior to the accident, and as to other accidents occurring in the dining room prior thereto. No testimony was offered as to the particular defect in the chair used by the plaintiff, and the same seems to have disappeared and could not be produced at the trial.

Plaintiff cites many cases wherein testimony is admitted as to the prior condition of the particular object or thing, causing the accident, and also of other and prior accidents occasioned thereby, but in no case cited, does it appear that such testimony was admitted as to the condition of similar objects or things in the same vicinity, or as to previous accidents occasioned by similar objects or things, not related to the object which was the direct cause of the accident.

The testimony discloses that the chairs in the dining room were not all of the same make or design, or of similar defective condition, but on the contrary, that some were solid framed, some cane bottomed, and others of the type of the chair in question. Hence, it cannot be justly reasoned that a defect in one should give notice to the defendant of a dangerous condition in the particular chair in question. It is true

that in cases where the specific defect is of such a character that the general condition, as in case of a sidewalk, would naturally draw attention to the precise defect complained of, that such general condition is sometimes admitted.—*Lyons v. Grand Rapids,* 121 Wis. 609.

But the condition of one particular chair in a large dining room could not be expected to give notice of the condition of any other one chair, though if such defective condition was known to be general with the chairs used, it might be permissible as tending to show a prudent duty upon the part of the landlord to examine all of them. The rule in this respect as stated by Wigmore on Evidence, is "that the prior injury or defect should be one which, if known, would naturally warn the person charged of the existence of the defect in question. It should be so closely associated with the one in question that the discovery of the one would naturally lead to the discovery of the latter, or would warn of its existence."

It is said in *R. G. S. Ry. Co. v. Campbell,* 44 Colo. "In an action for negligence the general rule is that evidence of other independent and disconnected acts of negligence, which could not have contributed to the plaintiff's injuries, is not admissible to establish the negligence charged."

The testimony complained of was properly excluded. That part of the instruction complained of as having been refused by the court is as follows:

"And if you find that the defendant, *had it used reasonable care,* would have known of the defect in the chair provided for plaintiff, if you find the same was defective, it would be liable in this action, although it had not actual notice of the defect."

The law in this respect is reasonably well stated in other instructions and the expression "had it used reasonable care," would appear to be an assumption upon the part of the court that the defendant did not use reasonable care. We see no error in the refusal of this language as an instruction.

The objection as to instructions given and numbered 3, 4, 7 and 10, is of more serious concern. It is contended by the appellee that we may not consider these several instructions on appeal, for the reason that sufficient and proper objections and exceptions were not made at the time. The defendant in error cites *Hasse v. Herring,* 36 Colo. 383, in support of this contention and wherein it is held: "When one instruction contains two or more independent and distinct propositions of law, one of which is right and another, or the others wrong, a general exception directed to the whole instruction will not entitle the party to be heard as to that portion of the instruction, which he deems to be wrong." This must be regarded as the rule of this court not only at the time of the decision in that case, but before and subsequent. But it cannot be the rule where the instruction contains but one proposition of law; for a specific objection to a single legal proposition is all that can be reasonably asked, and the objection is sufficiently specific if it calls the attention of the trial court to that particular proposition. In the present case the objection was made to each instruction separately and not as one general objection to all instructions. An examination of the instructions complained of makes it clear that neither one of them contains more than one proposition of law, and that each of them are subject to the identical criticism. Instruction No. 7 is as follows:

7. "The court instructs the jury that the burden of proof is on the plaintiff to establish by a preponderance of the evidence that the defendant invited the plaintiff to sit in a chair which was unsafe and out of repair, *and known* by the *defendant to be unsafe and out of repair prior to the happening of the accident complained of,* and that the injuries occurring to the plaintiff were the natural and probable consequences of such negligent act on the part of the defendant."

This purports to set forth certain prerequisite determinations of fact in order to lawfully establish by proof, the question of negligence under the law, as applicable to the case. It

is not possible to conceive of more than the one legal proposition in this statement. In *France v. Geryot*, 30 Colo. 227, cited by counsel, it was said:

"It has been held by this court that a general exception to an instruction which contains more than one proposition of law, is not an exception which entitles the party to have the alleged error reviewed in this court."

In that case there was but the one general objection to all instructions, including those admittedly good, so that the court was not even advised as to the specific instruction, or instructions, relied on as being erroneous.

*National Fuel Co. v. Green,* 50 Colo. 307, also relied on by counsel, does not sustain their contention in this case, for there the instruction to which objection was made, contained three distinct propositions of law, each relating to a different item of damage involved in the case; viz.: damages to be allowed during plaintiff's minority, damages subsequent thereto, and damages on account of expenses incurred, in each of which a different rule of law obtained as to measure of damage.

It was not intended to be the rule of this court that an objection should embrace an argument, but rather that the attention of the court should be called to each particular legal proposition objected to. Holding therefore, as we do, that the instruction now being considered, contained but one legal proposition, the objection thereto as stated, was sufficient. It is not seriously contended by counsel for defendant that the instruction correctly states the law, if the pleadings are sufficiently broad to cover a proper statement of the law in that respect. The objection to the instruction is that it holds the defendant liable only in case of actual knowledge, for it declares "and known by the defendant to be unsafe and out of repair," thus overlooking the legal proposition as to the duty imposed on the defendant in such cases in the matter of the exercise of reasonable care. For the law holds the defendant to the exercise of reasonable care, to the same extent as in case

of actual knowledge. Particularly is this the rule in case of hotel keepers, livery stable keepers and common carriers, as it relates to the patrons of these. But it is said that the complaint in this case alleges knowledge and omits the alternative usually pleaded in such cases, "or by the exercise of ordinary care could have known, etc.," and therefore the latter duty is not within the pleadings and such an instruction is for that reason improper. While the form of the complaint is not to be commended in this respect, yet the charge as to knowledge, must of necessity embrace and include the full requirement of the law in that respect.

But the instruction not only does not embrace more than one proposition of law, but the four instructions complained of, embrace but one and the same proposition of law, and the same erroneous statement is included in each, thus unnecessarily and without reason, repeating the error, so that in this case it became flagrant. By these instructions the plaintiff was denied a substantial right, for it is difficult in any case to prove actual notice, and to sustain the instructions complained of, would be to overrule an unbroken line of precedent in this court.

Judgment reversed and the case remanded.

CHIEF JUSTICE MUSSER and JUSTICE GARRIGUES concurring.